CHARLES C. OSBORNE, Respondent, *v.* AMZI L. BARBER, Appellant.

*Waiver of the right to appeal from an order denying a motion to vacate an order for the examination of a defendant about to leave the State.*

Where the plaintiff in an action obtains an order for the examination of a witness about to leave the State, the fact that the defendant, after a denial of his motion to vacate the order, appears upon the examination of the witness, interposes objections and conducts a cross-examination, does not constitute a waiver by the defendant of his right to appeal from the order denying his motion to vacate such order.

APPEAL by the defendant, Amzi L. Barber, from an order of the Supreme Court, made at the New York Special Term, bearing date the 6th day of March, 1905, and entered in the office of the clerk of the county of Saratoga, denying the defendant's motion to set

aside an order theretofore granted in the action for the examination of one Cornelia G. Rowe.

The action is brought by the plaintiff as assignee of one William W. Baldwin to recover for medical services rendered to the son and daughter of the defendant. The answer, among other things, denies that such services were rendered at the defendant's request. After issue joined the plaintiff procured from the county judge of Saratoga county an order for the examination of one Cornelia G. Rowe as a witness in said action, upon the ground that she was about to leave the State. The order was granted upon the 2d day of March, 1905, and was made returnable upon the sixth day of March, at the Hotel Martha Washington in the city of New York. This order was served upon the defendant's attorney by mail, he receiving the same upon the third day of March. An order was granted by a Supreme Court justice in the city of New York, requiring the plaintiff to show cause at a Special Term of the Supreme Court to be held in the city of Albany upon the 7th day of March, 1905, why the said order for the examination of the said Cornelia G. Rowe should not be vacated. In the meantime the proceedings under the said order for the examination were stayed. Upon consent this motion was heard before Part 1 of the Special Term of the Supreme Court in the city of New York. The motion to vacate the order was denied, and it is from the order entered upon this decision that this appeal is taken.

*William W. Niles* and *John J. Cunneen*, for the appellant.

*Winsor B. French*, for the respondent.

SMITH, J.:

Respondent first moves to dismiss the appeal on the ground that after the denial of defendant's motion to vacate the order for examination, defendant's counsel appeared upon the examination and made objections to questions asked, and also cross-examined the witness. This act is claimed to be a waiver on the part of the defendant of any right which he might otherwise have to question the denial of his motion to vacate the order for the examination. I do not so understand it. The defendant's counsel could safely have done nothing less. He objected before the referee to the taking of

the deposition and cannot be held to have waived any rights which he might have to the vacating of the order for the examination by appearing upon such examination after the refusal of the Special Term to vacate the order therefor.

Upon the merits of the appeal we think that the defendant's motion to vacate the order should have been granted. Various objections were made to the order and the affidavits upon which the order was granted, one of which only it will be necessary to consider. By section 873 of the Code of Civil Procedure it is provided that "the order must also direct the time of service of a copy thereof, which must be made within the State not more than twenty nor less than five days before the time fixed for the examination, unless special circumstances making a different time of service necessary are shown in the affidavit and that fact is recited in the order." In this case the examination was directed to take place four days after the granting of the order therefor. If we can assume, for the argument, that the affidavit sufficiently shows good reason for directing the examination to be taken at some time less than five days from the granting thereof, there is no attempt to state such reason in the order for the examination as specifically required by the provision of the Code of Civil Procedure above quoted. This irregularity, if it be such, was specifically pointed out in the order to show cause upon which the order appealed from was made. Without considering the objections made to the sufficiency of the affidavits, therefore, we think the order must be reversed.

Order reversed, with ten dollars costs and disbursements, and motion to vacate the order for examination granted, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion to vacate order for examination granted, with ten dollars costs.