(115 App. Div. 139)

## MILLER v. NEVINS.

(Supreme Court, Appellate Division, First Department. October 19, 1906.)

1. DISCOVERY—PETITION—VERIFICATION OUT OF STATE—CERTIFICATE.

There is no basis for an order for examination of defendant before trial to enable plaintiff to frame his complaint, where the petition therefor purports to be verified out of the state before a notary, and his signature is not accompanied with a certificate as to its genuineness and his official character, as required by Code Civ. Proc. § 844, to allow of an oath or affidavit required in an action or proceeding, and taken out of the state, being received in the state.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, §§ 66–68; vol. 2, Cent. Dig. Affidavits, §§ 61–64.]

2. SAME—ORDER FOR EXAMINATION—DIRECTING TIME OF SERVICE.

Under Code Civ. Proc. § 873, providing that the order for examination of a witness must direct the time of service thereof, which must be not less than five days before the time fixed for examination, unless special circumstances making a different time of service necessary are recited in the order, an order directing the service to be four days before the examination, without stating the reason therefor, must be vacated.

Appeal from Special Term, New York County.

Action by William Miller against Thomas A. Nevins. From an order denying a motion to vacate an order for examination of defendant to enable plaintiff to frame his complaint, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Louis T. Noonan (Schuyler C. Carlton, of counsel), for appellant.
Henry C. Quinby (John F. Valieant, of counsel), for respondent.

CLARKE, J. This is an appeal from an order of Special Term denying a motion to vacate an order of the Special Term granted ex.

parte for an examination of the defendant to enable plaintiff to frame his complaint.

The petition upon which the plaintiff moved for an order for the examination of the defendant purports to have been verified in the county of Essex, state of New Jersey, before one William P. Hadwin, alleged to be a notary public. Section 844 of the Code of Civil Procedure provides, when an oath or affidavit required in an action or special proceeding is taken without the state, said oath or affidavit may be received in this state when the signature of the officer taking it is accompanied with the like certificates as to his official character and the genuineness of his signature as are required to entitle a deed acknowledged before him to be recorded within the state. The verification to the petition contains no such certificates, and for that reason the affidavit was not entitled to be received. Turtle v. Turtle, 31 App. Div. 49, 52 N. Y. Supp. 857. There was, therefore, no basis for the order for the examination before trial.

Furthermore, section 873 of the Code of Civil Procedure provides that the "order must also direct the time of service of a copy thereof which must be made within the state not more than twenty nor less than five days before the time fixed for the examination unless special circumstances making a different time of service necessary, are shown in the affidavit and that fact is recited in the order." In the order under review the service was directed to be four days before the date of the examination, and no reason for such shortening of the time was stated in the order as required by this provision of the Code, supra. In Osborne v. Barber, 105 App. Div. 236, 93 N. Y. Supp. 833, where the time was, as in the case at bar, four, instead of five, days, without the reason therefor being stated in the order, it was held that the order must be reversed. Each of the defects noted was specifically pointed out upon the argument below, and objections raised thereto and stated in the order to show cause upon which the order appealed from was based.

This order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave, however, to the respondent to renew his application in the court below upon proper papers. All concur.