WILLIAMS *vs.* WILLIAMS.

Where the wife, who is the defendant in a suit for a divorce, applies for an allowance for ad interim alimony, and for the expenses of her defence, upon a positive affidavit that she is innocent of the adultery charged, proof that the husband has recovered a verdict in an action of crim. con. against the alleged paramour of the wife, is no defence to the application; such proof not being even presumptive evidence of the fact of adultery, as against her.

UPON an application of the wife, who was the defendant in this suit for a divorce, for an allowance for ad interim alimony, and an allowance to enable her to defend the suit, the com-

plainant read affidavits to show that he had recovered in an action of crim. con. against the alleged paramour of the defendant. But the vice chancellor made the usual order; from which the complainant appealed to the chancellor.

*M. Fairchild*, for the appellant.

*S. Stevens*, for the respondent.

THE CHANCELLOR. This is an appeal from an order of the vice chancellor of the fourth circuit, directing the payment of $100 to the defendant, to enable her to defend her suit; and referring it to a master to report a suitable allowance for ad interim alimony. The defendant swears positively that she has not been guilty of the acts of adultery charged in the bill, or either of them. And, for the purpose of this application, that allegation must be taken to be true; the verdict in the crim. con. case, brought by the complainant against White, not being even presumptive evidence of the fact of adultery, as against her.

The vice chancellor was therefore right in directing an allowance to be made to her to enable her to make her defence; and in directing a reference to a master to report what would be a suitable allowance to her for ad interim alimony. The state of the complainant's property, and the claims upon him by those whom he is bound to furnish with the means of support, are such that it is hardly probable he can afford to pay much for alimony. That, however, is a proper subject for consideration by the master; and cannot well be litigated upon ex parte affidavits.

An allowance to enable the defendant to make a defence against what she swears to be an unfounded charge, cannot well be dispensed with. And the only question in my mind is whether the vice chancellor ought to have directed so large a sum to be paid immediately; considering the state of the complainant's family and property. I think $50, to be paid in thirty days, would have been sufficient for the present purposes

of the defence, and for procuring witnesses to attend the trial. And that it would have been sufficient if the other $50, for counsel fees upon the trial, had been made payable ten days previous to the circuit at which the cause is noticed for trial. With these modifications, the order appealed from is affirmed.

And the costs upon this appeal are to abide the event of the suit.