## SUPREME COURT.

### BENTON HALLOCK agt. MARIA HALLOCK.

In an action for divorce, by the husband against the wife, for adultery, she is entitled to an allowance for her support, pending the litigation, and to a further sum to enable her to defend the action, if she denies, on oath, the charge of adultery. Although it may appear by affidavits on the part of the husband, that she is guilty of the charge.

The poverty of the husband forms no defence to such an application; although the circumstances in life of the parties should be taken into consideration in fixing the amount.

*Albany Special Term, November,* 1849.—The complaint in this action was filed for a divorce on the ground of adultery. The defendant moved for an allowance for alimony, and to enable her to defend the suit. She swore, in her affidavit, that she was not guilty of the charge, and that she had been told by the plaintiff she could not remain at his house.

The plaintiff showed, by affidavits, circumstances tending strongly to prove the guilt of the defendant—and also that, on her leaving his house, he gave her $25 in cash, and a bed valued at $25, and offered to pay her board at her mother's till the determination of the action, and to procure her counsel to defend the suit, but that she said she did not intend to make any defence.

M. SANFORD, *for defendant.*

R. W. PECKHAM, *for plaintiff.*

PARKER, Justice.—Where the wife is defendant in a suit for divorce, if she denies, on oath, the charge of adultery, she is entitled to an allowance for her support pending the litigation, and to a further sum to enable her to defend the action. (2 Barb. Ch. Pr. 265; *Wood* v. *Wood,* 2 Paige, 109; 2 R. S. 207, 3d ed.) And, where she thus denies her alleged guilt on oath, she is entitled to such allowance, although affidavits are read, on the part of the husband, showing the guilt of the wife. (*Osgood* v. *Osgood,* 2 Paige, 621; *Williams* v. *Williams,* 3 Barb. Ch. Rep. 628.) The question of guilt can not be tried by conflicting affidavits. Great injustice

might be done, if the husband were not compelled to furnish to his wife the means of having so important a question of fact decided in the usual manner.

The plaintiff states in his affidavit that he is not worth more than $200 over and above his liabilities, exclusive of property exempt from execution, and that his wife is capable of earning her own support. The poverty of the husband forms no defence to an application of this character in an action in which he is plaintiff. He must conform to the general rule or abandon his suit. (*Purcell* v. *Purcell*, 3 Edw. 194.) But it is proper to take into consideration the pecuniary ability of the husband and the circumstances in life of the parties, in fixing the amount of the allowance. · It seems to me, that there are good reasons for directing but a moderate additional allowance in the present stage of the litigation. It is desirable also to avoid the expense of a reference.

The order will, therefore, direct the plaintiff to pay to the defendant twenty-five dollars on demand, to enable her to defend the action, and a weekly allowance of one dollar and fifty cents, payable quarterly from the date of the order, pending the litigation.