## SUPREME COURT.

### SAMUEL F. GRIFFIN agt. ADELINE GRIFFIN.

An *order* of the special term denying a defendant *alimony* or an allowance *for expenses of suit*, in an action of *divorce* for adultery, is in the *discretion of the court at special term*, and is not *reviewable*.

Where, on such application by the wife, the defendant, it is shown that she is then and had been for a year past, living in open and notorious adultery with a person named, her application for alimony and expenses will be denied, although she has put in a defence of a general denial of the allegations of the complaint.

*Heard Albany General Term, December,* 1861.
*Decided March,* 1862.
GOULD, HOGEBOOM and PECKHAM, *Justices.*

APPEAL from order of special term refusing alimony and allowance for expenses of defending suit for absolute divorce on the ground of adultery.

The application was made upon the pleadings and upon affidavits. The affidavits were as follows :

1. The affidavit of the defendant's attorney, detailing the proceedings in the suit, and stating deponent's advice and belief that defendant was in indigent circumstances.

2. The affidavit of a neighbor that plaintiff was the owner of real and personal estate to the value of about $1200 ; that the defendant was in indigent circumstances, without property, and dependent entirely upon her own labor and the charity of her friends for a support.

3. The affidavit of another neighbor to the same effect.

The defendant made no affidavit, but read the pleadings, which were verified, in support of her application. The complaint charged repeated acts of adultery with one Christopher Perry. The answer denied all the allegations of the complaint except the marriage in 1840, and the inhabitancy of the parties in this state; and also set up as additional defences : 1. Physical incapacity on the part of the husband at the time of the marriage, known to himself; and 2. Various acts of cruel and inhuman treatment and abandonment, on which she demanded a decree of limited divorce. These two last defences were struck out on motion at special term, as irrelevant and constituting no defence. The answer also alleged that the defendant was dependent entirely upon her own labor and the charity of her friends for support, and alleged on information and belief that the plaintiff had personal property and owned real estate of the value of $1,000.

The motion was opposed on the part of the plaintiff by his affidavit denying absolutely the charges of physical incapacity, cruelty, inhumanity and abandonment, set up in the answer ; alleging that defendant left him and refused to live with him, and has been for about a year past living

in open and notorious adultery with one Christopher Perry. That his personal property consists of a small amount of furniture exempt from execution, a yoke of oxen, two cows, three yearlings, and a couple of old wagons; the value of all which, according to the testimony of one of the witnesses, did not exceed $150. He further alleged that he owned about sixty-five acres of real estate, only fifteen of which was improved, of the value of $700 or $800, and of the annual value of about $60. Plaintiff's affidavit was corroborated in all the material particulars by three additional affidavits of three of his neighbors. The judge at special term refused to make any allowance to the defendant, either for alimony or expenses of suit, and she thereupon appealed to the general term.

JOHN H. REYNOLDS, *for plaintiff.*
JOHN K. PORTER, *for defendant.*

By the court, HOGEBOOM, Justice. I think the order of the special term, denying the defendant alimony or an allowance for expenses of suit, should be affirmed.

1. It is a matter of *discretion*, and not reviewable. It is made so both by statute and by a long course of decisions. (2 *R. S.*, 148; *Osgood* agt. *Osgood*, 2 *Paige*, 621; *Worden* agt. *Worden*, 3 *Edw.*, 387; *Bartlett* agt. *Bartlett*, 1 *Clarke*, 460; 2 *Barb. Ch. Pr.*, 266; *Bishop on Marriage and Divorce*, sec. 581; *Whitney* agt. *Whitney*, 22 *How.*, 177.)

2. If the matter was open for a review on the merits, I should be disposed to affirm the order.

(1.) The preponderance of evidence is in favor of the kindness and good conduct of the husband, and the misconduct and infidelity of the wife.

(2.) She is shown to be now living, and to have been for a year past, in open and notorious adultery with a party who is named.

(3.) The husband has himself but a bare pittance, only

sufficient for the support of himself and the child whom the defendant has abandoned.

Under such circumstances, it would seem almost like a premium upon conjugal infidelity, and a judicial countenance of open immorality, to supply this woman with the means of continuing her evil course of life, and of facilitating an unconscientious and unfounded defence to a meritorious action.

I acknowledge the general rule, that in a case where the wife prosecutes or defends in apparent good faith, and where the merits of the case are left in doubt, and even where she is not clearly in the wrong upon the facts presented, there is justice and good sense in supplying her out of her husband's estate, with means to a moderate extent for vindicating her character or enforcing her conjugal rights.  But in this case the strong probabilities are against her, and lead to the conclusion that the vicious indulgences which have supplied her thus far with the means of living apart from her husband, will avail to furnish her with resources sufficient to maintain herself and defend the action until a trial of the facts shall enable the court to make a final decree which shall do justice to all the parties.  And while we should be careful to do nothing which should even indirectly tend to induce a resort to such indulgences, we should be equally careful in no degree to countenance them or furnish means for their longer continuance.

The order of the special term should be affirmed.