### RUBLINSKY v. RUBLINSKY.

(Superior Court of New York City, Special Term. July 20, 1893.)

1. DIVORCE—ALIMONY PENDENTE LITE.
　　Where defendant, in an action for divorce on the ground of adultery, denies the charge on oath, she will be granted alimony and counsel fees, though it appears by plaintiff's affidavits that she is guilty of the charge.

2. SAME—POVERTY OF HUSBAND.
　　In an action by a husband for a divorce on the ground of adultery, which defendant denies on oath, the poverty of the husband is not a defense to an application for alimony pendente lite.

Action by Moritz Rublinsky against Maritta Rublinsky for absolute divorce. Defendant moves for alimony and counsel fees. Granted.

Jacob Levy, for the motion.
C. Bell, opposed.

GILDERSLEEVE, J. This is a motion by the defendant for alimony and counsel fee pendente lite. The husband sues for absolute divorce on the ground of adultery. The answer of the wife denies the alleged adultery, and asks for a separation. The affidavits submitted by the wife allege her extreme poverty, and dependence for support on her relatives. The plaintiff submits several affidavits in support of his charge of adultery on the part of the defendant, and also alleging poverty as a further reason why the court should not grant any alimony or counsel fee. In an action for divorce by the husband against the wife for adultery, she is entitled to an allowance for her support pending the litigation, and to a further sum to enable her to defend the action, if she denies, on oath, the charge of adultery, although it may appear by affi-

davits on the part of the husband that she is guilty of the charge. The poverty of the husband forms no defense to such an application, although the circumstances in life of the parties should be taken into consideration in fixing the amount. Hallock v. Hallock, 4 How. Pr. 160. The general rule is to award such allowance to a wife sued for divorce, almost as a matter of course, where a substantial defense is disclosed, and not to try the merits upon conflicting affidavits. Leslie v. Leslie, 6 Abb. Pr. (N. S.) 193. I am of the opinion, after careful consideration of the papers before me, that the plaintiff should pay his wife $6 a week alimony, and a counsel fee of $25.