(4 Misc. Rep. 382.)
FRICKEL v. FRICKEL.

(Superior Court of New York City, Special Term.  July 28, 1893.)

1. DIVORCE—ALIMONY PENDENTE LITE.
Where defendant, in an action for divorce on the ground of adultery, denies the charge on oath, she will be granted an allowance for counsel fees and alimony pending the action, though plaintiff submits affidavits in support of the charge, unless defendant's guilt appears beyond reasonable doubt.

2. SAME—POVERTY OF HUSBAND.

    In an action by a husband for a divorce on the ground of adultery, which defendant denies on oath, the poverty of plaintiff is not a defense to an application for alimony pendente lite.

    Action by Otto J. Frickel against Alice Frickel for an absolute divorce, on the ground of adultery. Defendant moves for alimony and counsel fees pending the action. Motion granted.

    Fowler & Leonard, for the motion.
    Charles H. Preyer, opposed.

    GILDERSLEEVE, J. This is a reargument, upon additional affidavits, of a motion by defendant for alimony and counsel fee pendente lite. The husband sues for an absolute divorce, on the ground of adultery. The answer of the wife denies the adultery on her part, and alleges adultery on the part of the husband. The affidavits presented by the wife allege her extreme poverty and dependence for support on her relatives. She also presents several affidavits to the effect that she leads a proper life, and bears a good reputation. The husband submits affidavits in support of his charge of adultery on the part of the wife, and also alleges poverty as a further reason why the court should not grant any alimony or counsel fee. It is true that, upon a motion for alimony and counsel fee pendente lite by the wife, in a case where the suit is brought by the husband for absolute divorce on the ground of adultery, if it appears from the facts before the court that the wife's guilt and misconduct are so glaring, and the husband's innocence and ultimate success in the action so clear and certain, as to preclude any cause for reasonable doubt, the court will be justified in denying the application. Leslie v. Leslie, 6 Abb. Pr. (N. S.) 206; Kock v. Kock, 42 Barb. 515; Griffin v. Griffin, 23 How. Pr. 189; Carpenter v. Carpenter, 19 How. Pr. 539. But the general rule is to award alimony and counsel fee almost as a matter of course, where a substantial defense is disclosed, and not to try the merits upon conflicting affidavits. Leslie v. Leslie, 6 Abb. Pr. (N. S.) 205; Wright v. Wright, 1 Edw. Ch. 62; Hammond v. Hammond, 1 Clarke, Ch. 151. Where the wife is defendant in a suit for divorce, if she denies on oath the charge of adultery, she is, as a general rule, entitled to an allowance for her support pending the litigation, and to a further sum to enable her to defend the action; and she is entitled to such allowance, where she denies her alleged guilt on oath, even though affidavits are read, on the part of the husband, showing the guilt of the wife, (Hallock v. Hallock, 4 How. Pr. 160,) unless, indeed, it appears clear beyond reasonable doubt that the ultimate success of the husband in the litigation is inevitable. The question of the wife's guilt should not be tried by conflicting affidavits. Great injustice might be done if the husband were not compelled to furnish to his wife the means of having so important a question of fact decided in the usual way. The poverty of the husband forms no defense to such an application as this, although

the circumstances in life of the parties should be taken into consideration in fixing the amount of the alimony and counsel fee. Hallock v. Hallock, supra. The husband must conform to the general rule, or abandon his suit. Purcell v. Purcell, 3 Edw. Ch. 194. I am of opinion that the papers before me present a reasonable doubt of the defendant's guilt, and I am not justified in deciding the question of her guilt upon the conflicting affidavits submitted on this motion. She is entitled to have the means afforded her of defending the action, and having so important a question of fact decided in the usual manner, with an allowance for her support pendente lite. Defendant may have $5 a week alimony, and a counsel fee of $25.