### COHEN v. COHEN.

(Common Pleas of New York City and County, Special Term. March 30, 1895.)

1. DIVORCE—ALIMONY PENDENTE LITE.

   Where defendant in an action for divorce on the ground of adultery denies the charge on oath, she will be granted an allowance for counsel fees pending the action, though plaintiff submits affidavits in support of the charges, unless her guilt appears beyond reasonable doubt.

2. SAME—POVERTY OF HUSBAND.

   In an action by a husband for a divorce on the ground of adultery, his poverty is no defense to an application for alimony pendente lite.

Action by Bernard Cohen against Carrie Cohen for divorce. Defendant moves for an allowance for counsel fees to enable her to defend the action. Granted.

Joseph I. Green, for defendant.
William N. Loew, for plaintiff.

GIEGERICH, J. This is an application by the wife for counsel fees to enable her to defend the action, which is brought by the husband for a divorce on the ground of adultery. Where the wife denies on oath the charge, she is entitled to such allowance, even though the affidavits read on the part of the husband show her guilt (Osgood v. Osgood, 2 Paige, 621; Hallock v. Hallock, 4 How. Pr. 160; Frickel v. Frickel, 4 Misc. Rep. 382, 24 N. Y. Supp. 483), "unless," as was said by Judge Gildersleeve in the case last cited, "it appears clear beyond reasonable doubt that the ultimate success of the husband in the litigation is inevitable." The defendant takes oath in denial of the charges, and in view of this denial, and of the allegations contained in her moving affidavit, although the latter are very vague in character, there is no justification, under the authorities, for deciding the question of her guilt upon such conflicting affidavits. Leslie v. Leslie, 6 Abb. Pr. (N. S.) 193; Frickel v. Frickel, supra; Hallock v. Hallock, supra. A careful consideration of the papers submitted satisfies me that the plaintiff is absolutely without means; but his poverty is no defense to the application. Hallock v. Hallock, supra; Frickel v. Frickel, supra. He must, in an action of this character, either furnish the wife with money to

enable her to make her defense, or abandon the action. Purcell v. Purcell, 3 Edw. Ch. 194. Great injustice might be done if the husband were not compelled to furnish to his wife the means of having so important a question of fact as is involved in this action decided in the usual manner. Hallock v. Hallock, supra. It is proper, however, to take into consideration the pecuniary ability of the husband, and the circumstances in life of the parties, in fixing the amount of the allowance. Hallock v. Hallock, supra. From a consideration of these matters, as well as of the facts and circumstances of the case, as disclosed by the papers submitted upon this motion, I am of the opinion that the defendant should have a counsel fee of $25 to defend the action, which the plaintiff should pay within five days after the entry of the order.