(31 App. Div. 49.)

### TURTLE v. TURTLE.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

AFFIDAVIT TAKEN WITHOUT THE STATE—SUFFICIENCY.

　　Under Code Civ. Proc. § 844, and Laws 1896, c. 547, § 249, subd. 5, an affidavit taken outside of the state, before a notary public, cannot be received in an action, unless his authority by the laws of his own state to take the acknowledgment or proof of deeds to be recorded therein is duly certified under section 260, subd. 2, and section 261.

Appeal from special term, New York county.

Action by Laura E. Turtle against Owen I. Turtle. From an order denying a motion for alimony and counsel fee, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

Ingle Carpentei, for appellant.

Michael Schaap, for respondent.

RUMSEY, J.   This motion might well have been denied upon the insufficiency of the moving papers.   There is no evidence of the amount of property or the income of the defendant except the statements contained in the affidavit of the plaintiff.   Those statements are contradicted and explained by the affidavit of the defendant, so that, even if the affidavit of the plaintiff were to be considered, there was not enough evidence to enable the court in deciding the motion to fix the amount of alimony.   But the affidavit of the plaintiff was not properly certified to permit it to be read.   Section 844 of the Code prescribes that an affidavit which may be received in an action in this state may be taken without the state before an officer authorized by the laws of the state to take and certify the acknowledgment and proof of deeds to be recorded in the state.   The words "the state," as used in that section, refer in each instance to the state of New York.   Ross v. Wigg, 34 Hun, 192.   The persons who may take acknowledgments of deeds outside of the state to be recorded in the state are prescribed by section 249, c. 547, Laws 1896, and a notary public is not one of those persons; therefore an affidavit taken outside of the state before a notary public cannot, in the present state of the law, be read in one of our courts.   But if the construction given to section 844 of the Code in the case of Ross v. Wigg be not adopted, and it should be held that the words, "an officer authorized by the laws of the state to take and certify the acknowledgment and proof of deeds to be recorded in the state," meant an officer authorized to take such acknowledgment by the laws of the state in which the affidavit was made, this affidavit is still not sufficient. A notary public has no power to take an acknowledgment of any paper unless that power is given to him by statute; and there is nothing to show in these papers that any such power is given to him by the statutes of the state of Michigan, where this affidavit was sworn to.   The certificate of a clerk states that he is authorized to administer an oath, but that is not sufficient.   In any aspect of the case, therefore, the affidavit could not be considered.   For these reasons the motion was properly decided, and it is not necessary to consider the case upon the merits.   It is, however, proper, in such a case as this, where the papers are defective, that the moving party should have an opportunity to renew her motion on new papers, and the order denying the motion is therefore modified so far as that the denial of the motion shall be without prejudice to its renewal upon new papers, and, as so modified, should be affirmed, without costs. All concur.