(26 Misc. Rep. 336.)

### HAMILTON v. HAMILTON.

(Supreme Court, Special Term, New York County. February 20, 1899.)

FOREIGN DIVORCE—VALIDITY.
   A divorce obtained in another state against a resident of New York, without personal service on him in such other state, and without appearance by him in the action, is void in New York, though valid where rendered.

Action by Mark K. Hamilton, Jr., against Hattie Maud Hamilton, for divorce. Decree for plaintiff.

Danner & L'Esperance, for plaintiff.
Franklin Bien, for defendant.

MATTICE, J. Plaintiff and defendant were married in this state in 1888. In 1891 the parties separated, and the defendant shortly thereafter took up her abode in, and became a resident of, the state of Connecticut. She resided there about five years. While a resident of the state of Connecticut, she brought an action in the superior court of that state, a court of general and original jurisdiction, to obtain a judgment of divorce against the husband, who then resided in the state of New York. The husband was served with process by mail, and received actual notice, according to the laws of Connecticut, but was not personally served with process in that state; neither did he appear in the action, and submit himself to the jurisdiction of the Connecticut court. In due time, the wife obtained in said court a judgment dissolving the marriage contract. This divorce was duly obtained according to the laws of the state of Connecticut, and was a valid judgment in that state. Shortly afterwards the wife was married to one Fitzgerald, in the state of Connecticut, which, according to the laws of that state, was a valid marriage, and they have cohabited together ever since as husband and wife. Thereafter the parties to the second marriage moved into this state, and the plaintiff brings this action to obtain a divorce against the defendant upon the ground of her adultery with Fitzgerald.

This court is called upon and required by the settled law of this state to hold that, as to the plaintiff, the Connecticut divorce and subsequent marriage are void; that the defendant, in this state at least, is still the wife of the plaintiff; and that, although she is a pure woman, she is guilty of adultery; and that, by reason of such adultery, the plaintiff is entitled to an absolute divorce. This case presents a strange anomaly, and illustrates very forcibly the necessity

of uniform marriage and divorce laws in the states of the Union. Here is a defendant who finds herself the legal wife of the plaintiff in the state of New York, and the legal wife of another man in another state. Although she became a resident of Connecticut, and for many years resided there, and in good faith and according to the laws of that state obtained a divorce, and subsequently, and in good faith, and according to the laws of that state, married a second time, yet she is to be branded by this court as an adulteress. Under the laws of this state, we permit a husband or wife, as the case may be, to obtain a valid divorce by service of the summons by publication upon the defendant residing in another jurisdiction; yet we do not recognize as valid a judgment of divorce obtained by a husband or wife in a sister state, unless the defendant has been personally served with process in that jurisdiction, or has appeared and submitted himself to the jurisdiction of that court. The constitution of the United States (article 4, § 1) requires that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state"; and it is said that the comity of states and of nations, as well as public policy, requires one jurisdiction to observe as valid a marriage legally contracted in another jurisdiction. Seemingly, we do neither. The plaintiff is therefore entitled to a judgment of divorce based on the adultery of the defendant with Fitzgerald.

Plaintiff's counsel will prepare formal decision, which must include findings to the effect that the plaintiff was not served with process in the state of Connecticut, and did not appear in the suit, or submit himself to the jurisdiction of that court; also, that plaintiff had due notice of the Connecticut suit, in accordance with the law of that state; that the Connecticut divorce and subsequent marriage were valid according to the law of Connecticut, but invalid and void as to the plaintiff in this action. Decision may be settled on five days' notice.