(29 Misc. Rep. 374.)

## LEVY v. LEVY.

(Supreme Court, Special Term, New York County. October, 1899.)

1. DIVORCE—ALIMONY—FOREIGN AFFIDAVITS.

Under Code Civ. Proc. § 844, which provides that an oath or affidavit in an action or special proceeding may be taken without the state, except where otherwise specially provided by law, before an officer authorized by the laws of the state to take acknowledgments of deeds to be recorded in the state; and Laws 1896, c. 547, which provides that acknowledgments of deeds of property within the state may be taken without the state by any officer of a state authorized by the laws thereof to take acknowledgments of deeds to be recorded therein,—an affidavit before a notary in Ohio, whose authority is authenticated by the certificate of the clerk of

a court of record, reciting that the notary was authorized by the laws of Ohio to take the same, and also acknowledgments of deeds in Ohio, is admissible in the courts of this state in an application for alimony.

2. ALIMONY—ADULTERY—SPECIFIC DENIALS.

Where defendant in an action for divorce on ground of adultery specifically denies the charge under oath, and is supported by the affidavit of the alleged co-respondent, denying the facts and circumstances of the alleged offense, she will be granted counsel fees and alimony pending the action, though plaintiff submits affidavits in support of the charges, unless it clearly appears that the success of the husband in the action is inevitable.

Action by Samuel H. Levy against Jennie Levy for divorce. Motion for counsel fees and alimony pendente lite. Granted.

Otto A. Rosalsky, for plaintiff.
Herman Gottlieb, for defendant.

GIEGERICH, J. In opposition to the wife's application for counsel fees to enable her to defend the action, and for alimony during the pendency thereof, the affidavits of one Mrs. Josephine Wood and one Allen S. Wood, her husband, among others, are submitted. These were sworn to in Cuyahoga county, Ohio, before "Walter McMahon, Notary Public"; and the certificate of authentication of the clerk of the court of common pleas, a court of record of said county, attached to each affidavit, among other things states that the person before whom the same was taken "was at the date thereof a notary public in and for said county, duly authorized by the laws of Ohio to take the same; also, to take acknowledgments and proofs of deeds or conveyances of land, tenements, or hereditaments situated and lying in said state of Ohio." It is insisted by the defendant that such affidavits were not sworn to before an officer authorized by the laws of this state to administer an oath without the state to an affiant whose affidavit is required in an action pending within this jurisdiction.

Section 844 of the Code of Civil Procedure prescribes that:

"An oath or affidavit required, or which may be received, in an action, special proceeding, or other matter, may be taken without the state, except where it is otherwise specially prescribed by law, before an officer authorized by the laws of the state, to take and certify the acknowledgment and proof of deeds, to be recorded in the state."

It has been held that the words "the state," as used in that section, refer in each instance to the state of New York. Ross v. Wigg, 34 Hun, 192; Turtle v. Turtle, 31 App. Div. 49, 52 N. Y. Supp. 857. The object of such section, according to the codifiers, was to empower all officers who were authorized to take acknowledgments to administer oaths. Throop's Code, § 844; Ross v. Wigg, 34 Hun, at page 198.

Section 249 of the real property law (Laws 1896, c. 547), in part, provides that:

"The acknowledgment or proof of a conveyance of real property within the state, may be made without the state, but within the United States, before either of the following officers acting within his jurisdiction, or of the court to which he belongs. * * * (5) Any officer of a state, authorized by the laws thereof to take the acknowledgment or proof of deeds to be recorded therein."

These provisions, to my mind, clearly evince the legislative intention to empower all officers of a state within the United States, who are authorized by the laws thereof to take the acknowledgment or proof of deeds to be recorded therein, to take, within the territory of their appointment, acknowledgments or proof of a conveyance of real property situate in this state; and, upon reading the above-cited portions of section 844 of the Code, it is apparent that an affidavit to be used in an action in this state may be sworn to in other jurisdictions within the United States, before an officer authorized therein to take and certify the acknowledgment and proof of deeds to be recorded in this state. Thus, by reading together and comparing the foregoing provisions, it is clear that the foreign notary, by reason of the fact that he was authorized by the laws of the state wherein he administered the oaths to the above-named affiants to take the acknowledgment or proof of deeds to be recorded therein, had power to take such oaths. As no question has been raised as to the sufficiency of the certificate of authentication, the objection made to the reception of the affidavits in question is to be overruled, and the papers received.

The views above expressed respecting the verification and authentication of the said affidavits are not opposed to those announced in the cases of Ross v. Wigg, supra, and Turtle v. Turtle, supra, cited for the defendant. In the former case the power of the officer before whom the oath was taken, to administer the same, was not disputed, but a question arose with regard to the sufficiency of the certificate of authentication; and in the latter the certificate of authentication merely stated that under the statutes of Michigan, where the affidavit was sworn to, the notary was authorized to administer an oath, and it was held that this was not sufficient. Here, however, the situation is entirely different; for not only do the papers show that the notary is authorized, under the laws of the state where he resides, to administer an oath, but to take and certify the acknowledgment and proof of deeds to be recorded therein; thus conforming in every particular to the requirements of the laws of this state. Having thus arrived at the conclusion that the affidavits were properly verified and authenticated, I pass to the consideration of the merits of this application.

The defendant has explicitly denied the truth of the several charges respecting her alleged acts of adultery made by the affiants whose affidavits have been presented in the plaintiff's behalf. The alleged co-respondent has also denied the facts and circumstances respecting the alleged offense contained in the opposing affidavits. Therefore I cannot say, after a careful consideration of all the papers submitted, that it clearly appears that the success of the husband in the action is inevitable. Frickel v. Frickel, 4 Misc. Rep. 382, 24 N. Y. Supp. 483; Cohen v. Cohen, 11 Misc. Rep. 704, 32 N. Y. Supp. 1082; Stearns v. Stearns, 33 App. Div. 630, 53 N. Y. Supp. 348. Under these circumstances, the motion should be granted, and accordingly there is awarded to the defendant a counsel fee of $75, to enable her to defend the action, and to defray the expenses of a commission which may be issued in her behalf, and also alimony pendente lite at the rate of $7

per week. The order to be entered hereon shall provide for the payment of the first-mentioned sum within five days after service of a copy thereof, and such counsel fees and alimony are granted only upon condition that the defendant's stipulation to try this cause on the first Monday of December be filed within three days. If such condition be not complied with, the motion will be denied. In the event of the defendant's acceptance of such terms, she should, without delay, apply for a commission to take the testimony of the persons referred to in the moving affidavit. Settle order on notice.