(48 Misc. Rep. 149.)

### DEAN v. DEAN.

(Supreme Court, Special Term, Oswego County. August, 1905.)

1. DIVORCE—COUNSEL FEES—ALLOWANCE TO WIFE.

Where, in an action for divorce, the wife denies under oath the charges made, she will be allowed counsel fees for the purpose of defense, though the husband submits evidence in support of the charge in the complaint.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 642–657.]

2. SAME—RES JUDICATA—DECREE IN FOREIGN STATE.

Where a wife left her husband and went to another state, and there obtained a divorce from him, which was not binding on him in New York, such decree was not a bar to her right to counsel fees, where the husband thereafter brought an action for divorce, as she was still his wife, at least in the state of New York.

Action by Herbert S. Dean against Effie S. Dean. Motion by defendant for counsel fees. Granted.

N. B. Smith, for the motion.
J. W. Shea, opposed.

WRIGHT, J. The motion for counsel fees to enable the defendant to defend this case must be granted. The general rule is that, where the wife denies on oath the charge of adultery, she will be allowed counsel fees, even though the husband submits affidavits in support of the charge, as so important a question should not be determined on conflicting affidavits (Israel v. Israel, 28 Misc. Rep. 57, 59 N. Y. Supp. 800; Rublinsky v. Rublinsky [Super. N. Y.] 24 N. Y. Supp. 920; Frickel v. Frickel, 4 Misc. Rep. 382, 24 N. Y. Supp. 483), unless it clearly appears beyond a reasonable doubt that the ultimate success of the husband in the litigation is inevitable. Frickel v. Frickel, supra; Cohen v. Cohen, 11 Misc. Rep. 704, 32 N. Y. Supp. 1082. The defendant in her answer denies the allegations of the acts of adultery set up in the complaint, but makes no countercharges or other defense. By affidavit the alleged co-respondent also denies the alleged offenses set up in the complaint. The plaintiff submits the affidavits of three persons who swear to having seen the defendant commit acts of adultery with the co-respondent on different occasions. The plaintiff, his mother, and one White, allege by affidavits that the defendant herself made admissions to them of her improper conduct with the co-respondent, and that she said to them that, if the plaintiff made her any trouble, she would deny the whole matter and everything she had said. Justice Giegerich, in Levy v. Levy, 29 Misc. Rep. 376, 60 N. Y. Supp. 485, says:

"The defendant has explicitly denied the truth of the several charges respecting her alleged acts of adultery made by the affiants whose affidavits have been presented in the plaintiff's behalf. The alleged co-respondent has also denied the facts and circumstances respecting the alleged offense contained in the opposing affidavits. Therefore I cannot say, after a careful consideration of all the papers submitted, that it clearly appears that the success of the husband in the action is inevitable."

These conclusions apply to the case at bar. What is said in Boesenberg v. Boesenberg, 50 App. Div. 622, 63 N. Y. Supp. 770, is strikingly applicable to this case. The court says:

"Notwithstanding the strong array of proof made against this defendant in the affidavits presented by the plaintiff in opposition to the motion for alimony and counsel fee, we are of the opinion that the issue as to her adultery should not be determined upon affidavits, and that she should have an opportunity to cross-examine the affiants whose sworn statements so strongly inculpate her. She positively denies having committed any of the acts of adultery with which she is charged."

Some objection is made to the allowance of counsel fees on the ground that the defendant is not now the wife of the plaintiff. It appears that the defendant left the plaintiff, went to Ohio to live, and has there obtained a divorce against him in her favor. The plaintiff states in his affidavit that he has never been personally served with the summons and complaint in the divorce action brought by the defendant in Ohio, and has not appeared therein. The defendant's divorce in Ohio, under the authorities of this state, is not binding

on the plaintiff herein, and the defendant in this state at least is still the wife of the plaintiff. In Hamilton v. Hamilton, 26 Misc. Rep. 336, 56 N. Y. Supp. 122, the plaintiff and defendant were married in this state. The wife left her husband and became a resident of Connecticut, where she obtained a divorce against him. She remarried in Connecticut. The parties to this second marraige then returned to New York. The first husband brought an action for divorce against the wife upon the ground of her adultery arising from the second marriage. The plaintiff was not personally served with process in Connecticut, neither did he appear in the action. Justice Mattice held that by the settled law of this state, the Connecticut divorce and subsequent marriage as to the plaintiff were void; that the defendant, in this state at least, was still the wife of the plaintiff, and by reason of her adultery the plaintiff was entitled to a divorce. The learned justice in his opinion says:

"Under the laws of this state we permit a husband or wife, as the case may be, to obtain a valid divorce by service of the summons by publication upon the defendant residing in another jurisdiction, yet we do not recognize as valid a judgment of divorce obtained by a husband or wife in a sister state, unless the defendant has been personally served with process in that jurisdiction, or has appeared and submitted himself to the jurisdiction of that court."

In North v. North, 47 Misc. Rep. 180, 93 N. Y. Supp. 513, Justice Gaynor says:

"The rule established by the decisions in this state is that if one spouse abandons the matrimonial domicile in this state, and goes into another state, and becomes domiciled there, and obtains a judgment of divorce there in an action in which the defendant was not served with process in that state, or in which he or she did not appear, such judgment has no extra-territorial effect, and is therefore a nullity in this state. * * * The abandoning spouse cannot get such jurisdiction in the state of his or her new domicile, but the case of the abandoned spouse is altogether different."

See People v. Baker, 76 N. Y. 78, 32 Am. Rep. 274; Matter of Kimball, 155 N. Y. 62, 49 N. E. 331. As to the case of the abandoned spouse, see Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794; Hammond v. Hammond, 103 App. Div. 437, 93 N. Y. Supp. 1. In Starkweather v. Starkweather, 29 Hun, 488, the wife asked for counsel fees to defend an action of divorce against her by her husband. The defendant in her answer set up the adultery of the plaintiff, and that on the ground of such adultery the defendant had procured a divorce from the plaintiff in Illinois. The court held her to be entitled to counsel fees, saying that the issue of her husband's adultery was in the case, and that, if she succeeded on that issue, she would make out a complete defense to the action, although the decree of divorce on which she relied should be held to be void. In this case the defendant sets up as her defense her innocence of the acts of adultery charged in the complaint. If she succeeds in that issue, she will make out a complete defense to the action. The mere fact of the Ohio divorce should not therefore bar defendant of her right to counsel fees to defend this action.

Further objection is made on the ground that the petition on this motion does not affirmatively state that the petitioner is the wife of the plaintiff, or that a marriage ever existed between the parties. The

pleadings are made part of the moving papers on this motion. The complaint alleges the marriage. The answer admits it, denies the allegations of adultery, and also alleges the divorce in Ohio. Further, the defendant states in her petition that she is the defendant in the action, that she intends to defend the action, and asks for an allowance of counsel fees to enable her to make such defense. I think, therefore, that this objection is not forceful, and that the fact of her being the wife of the plaintiff sufficiently appears.

The motion is granted without costs. Thirty dollars counsel fees are allowed. The motion for the substitution of defendant's attorney is also granted.

Ordered accordingly.