FELIX IsMAN, Plaintiff, *v.* NED WAYBURN, Defendant.

(City Court of New York, Special Term, April, 1907.)

Affidavit — Form and requisites — Authentication — Affidavit taken in another State.

Under section 249 of the Real Property Law, an affidavit, taken before a notary public in another State and authenticated as prescribed in section 260, may be used upon a motion in the courts of this State.

MOTION to advance cause to special calendar for trial.

Ira Leo Bamberger, for plaintiff.

Henry J. Goldsmith, for defendant.

WADHAMS, J. Motion is made for an order advancing this cause to the special calendar for trial. The only objection is that the affidavit upon which the motion is based purports to be sworn to before a notary public of the county of Philadelphia, in the State of Pennsylvania. Turtle v. Turtle, 31 App. Div. 49, is cited. It was there held that the words " the State," as used in section 844 of the Code of Civil Procedure in relation to an affidavit taken without the State, refer in each instance to the State of New York. An affidavit, therefore, taken outside of the State of New York before a notary public could not, in the then state of the law (Laws of 1896, chap. 547, § 249), be read in one of its courts. The section of the Real Property Law, in relation to acknowledgments and proofs in other States, was amended by chapter 419 of the Laws of 1903 to read as follows: " 5. Any officer of the State in which the acknowledgment is taken authorized by the laws thereof to take the acknowl-

edgment or proof of deeds to be recorded therein, of which the certificate required by section two hundred and sixty shall be evidence." An affidavit or acknowledgment may, therefore, now be sworn to before a notary of another State, and if properly authenticated will be received in this State, provided such notary was authorized by law in his own State to take the acknowledgment or proof of deeds to be recorded therein. In this case the proper certificate is annexed, and it appears therein that the notary before whom the affidavit was made was duly commissioned and qualified " to take acknowledgments and proofs of deeds or conveyances for lands, tenements and hereditaments to be recorded in said State of Pennsylvania." By reason of the amendment of the Real Property Law, as cited, the case of Turtle v. Turtle, 31 App. Div. 49, is no longer controlling.

Motion granted.