## ISMAN v. WAYBURN.

(City Court of New York, Special Term. April, 1907.)

AFFIDAVITS—AFFIDAVIT TAKEN IN ANOTHER STATE—USE IN EVIDENCE—STATUTORY PROVISIONS.

> Laws 1896, p. 609, c. 547, § 249, as amended by Laws 1903, p. 978, c. 419, provides that acknowledgments and proofs in other states, taken by any officer of the state authorized by the laws thereof to take the acknowledgment of deeds to be recorded therein, of which the certificate required by section 260 shall be evidence. Code Civ. Proc. § 844, authorizes affidavits to be taken by persons authorized to take acknowledgments. *Held*, that where an affidavit purporting to be sworn to before a notary public in another state has a proper certificate annexed, and it appears that the notary was duly commissioned and qualified to take acknowledgments of deeds or conveyances for lands, etc., to be recorded in that state, it may be read as evidence in a New York court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Affidavits, § 60.]

Action by Felix Isman against Ned Wayburn. Motion for an order advancing the cause to the special calendar for trial. Motion granted.

Ira Leo Bamberger, for plaintiff.

Henry J. Goldsmith, for defendant.

WADHAMS, J. Motion is made for an order advancing this cause to the special calendar for trial. The only objection is that the affidavit upon which the motion is based purports to be sworn to before a notary public of the county of Philadelphia, in the state of Pennsylvania. Turtle v. Turtle, 31 App. Div. 49, 52 N. Y. Supp. 857, is cited. It was there held that the words "the state," as used in section 844 of the Code of Civil Procedure in relation to an affidavit taken without the state, refer in each instance to the state of New York. An affidavit, therefore, taken outside of the state of New York before a notary public, could not, in the then state of the law (Laws 1896, p. 609, c. 547, § 249), be read in one of its courts. This section of the real property law, in relation to acknowledgments and proofs in other states, was amended by chapter 419, p. 978, of the Laws of 1903, to read as follows:

"(5) Any officer of the state in which the acknowledgment is taken authorized by the laws thereof to take the acknowledgment or proof of deeds to be recorded therein, of which the certificate required by section two hundred and sixty shall be evidence."

An affidavit or acknowledgment may therefore now be sworn to before a notary of another state, and if properly authenticated will be received in this state, provided such notary was authorized by law in his own state to take the acknowledgment or proof of deeds to be recorded therein. In this case the proper certificate is annexed, and it appears therein that the notary before whom the affidavit was made was duly commissioned and qualified "to take acknowledgments and proofs of deeds or conveyances for lands, tenements, and hereditaments to be recorded in said state of Pennsylvania." By reason of the amendment of the real property law, as cited, the case of Turtle v. Turtle, 31 App. Div. 49, 52 N. Y. Supp. 857, is no longer controlling.

Motion granted.