(156 App. Div. 61.)

### SIDWAY v. SIDWAY.

(Supreme Court, Appellate Division, Second Department. March 28, 1913.)

DIVORCE (§ 240*)—ALIMONY—EXCESSIVENESS.

    On granting a divorce an allowance of $350 monthly alimony to plaintiff for the support of herself and two minor sons is excessive, and will be reduced to $150, where defendant's independent income was only $200, though for many years he has received generous gratuities from his mother, a woman of large means.

    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 675–678, 680; Dec. Dig. § 240.*]

Appeal from Special Term, Kings County.

Action by Mary S. Sidway against Harold S. Sidway. From part of an interlocutory judgment awarding alimony to plaintiff, defendant appeals. Modified and affirmed.

See, also, 140 N. Y. Supp. 1145.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

M. S. Guiterman, of New York City, for appellant.
Warren Bigelow, of New York City, for respondent.

CARR, J. The defendant appeals from that portion of an interlocutory judgment of absolute divorce that awards alimony of $350 a month to the plaintiff for the support and maintenance of herself and her two minor sons. Because of features peculiar to this case, the question now presented on this appeal as to the propriety of the amount of alimony fixed by the trial court has a great difficulty. The defendant, according to the record before us, has no property of his own beyond an undivided interest in some real estate in Buffalo, which interest is valued at about $10,000, and from which he receives an income of $100 each month. He is now engaged in a small way in the real estate business in New York City, and derives therefrom an income of about $100 a month. For many years he has received very substantial gratuities from his mother, a woman of large means, which enabled his family to be supported in decent comfort. For several years before the bringing of this action, his mother very generously made direct advancements to the plaintiff for her proper support and the education and maintenance of the minor children. These advances were conditioned upon the plaintiff's refraining from legal action against her husband. When this action was brought, the intervention of the defendant's mother ceased. Her assistance to these parties was purely voluntary, and the court is without power to coerce its renewal, even though it so desired. While it may be expected reasonably that a mother who has been generous in the past will be generous in the future, yet she alone is the judge of the measure and circumstances of her generosity. An award of alimony in this action should not be based upon an assumption that, if it be necessary to enforce the award by contempt proceedings against the defendant, the mother through love for her son will come

to his aid rather than see him subjected to imprisonment. Unless this assumption be made, then there is no apparent basis for the amount of alimony awarded in the interlocutory judgment. We are concerned greatly on this appeal with the situation of the two minor children, who are now of the age when suitable education according to their station in life becomes somewhat expensive. Even as to them, under the circumstances of this case, the court has no power to coerce the defendant's mother directly, and should refrain from attempting to do so even indirectly. There is nothing to indicate that these children will meet with indifference or neglect from those who should be and doubtless are interested in their well being.

The provision in the interlocutory judgment fixing alimony at the rate of $350 a month is so modified as to provide for alimony at the rate of $150 a month, and as so modified the interlocutory judgment is affirmed, without costs, with privilege to either party to make a seasonable application, at Special Term, at the foot of the final judgment for an increase or decrease of the amount of the alimony on proper proofs of changed circumstances.