CHARLES A. BROWN, Plaintiff, *v.* AGNES BROWN, Defendant.

(Supreme Court, Kings Special Term, January, 1914.)

Divorce — alimony — amount — employment of detectives.

Where in an action for divorce the wife's answer presents a *prima facie* defense she may be allowed temporary alimony, and the court on motion therefor will not prejudge the case

in advance of the trial, nor too carefully scrutinize the merits unless the record on the affidavits submitted is so clear against the wife's innocence as practically to exclude any probability of her prevailing in her defense.

The amount of alimony to be allowed in such case is dependent upon the financial situation of the parties, and the wife must show that she has no means under her control sufficient to maintain herself pending the litigation.

Where a husband sues his wife for a divorce upon allegations of knowledge and not upon information and belief, and the amended answer, repeating the denials of the original, alleges as a defense that the false charge of defendant's infidelity was the result of a fraudulent scheme on the part of plaintiff to manufacture evidence of guilty conduct on defendant's part by entrapping her in a compromising situation with one employed for such purpose by or on behalf of plaintiff, and on motion for alimony *pendente lite* and for suitable support for the issue of the marriage it appears that plaintiff, who was supported to a large extent by his parents, especially his mother, has sufficient income to support himself and to provide him with means for the consumption of liquor to such an extent that he has been obliged to go to a sanatorium on a number of occasions, and both he and his mother state in their affidavits that the expense of hiring detectives was voluntarily assumed by plaintiff's mother who objected to his marriage, and she swears that plaintiff was not even aware that she had employed detectives and plaintiff swears that he has no personal knowledge of the offenses charged against his wife and made them on information and belief, the motion will be granted.

Motion by defendant for alimony and counsel fee in action for a divorce.

William E. Butler, for motion.

Frank X. McCaffry, in opposition.

Benedict, J.  In this action the husband sues the wife for divorce *a vinculo* alleging positively the commission of acts of infidelity on her part without his consent, connivance, privity or procurement, at a cer-

tain hotel in the borough of Manhattan, at divers times between the 1st day of August, 1913, and the commencement of this action on October 3, 1913. The complaint was verified. The defendant interposed an unverified answer denying absolutely the offense charged and swears that the charges are untrue in her moving affidavit. The plaintiff on November 15, 1913, voluntarily and without demand therefor served a bill of particulars duly verified but the specific allegations therein contained as to the wrongdoing of the defendant are made upon information and belief and not positively as in his complaint. The bill was returned to the plaintiff as unauthorized. Thereafter the defendant served an amended answer in which she repeated the denials of the original answer and alleged as a defense that the false charge of infidelity was the result of a fraudulent scheme or design on the part of the plaintiff to manufacture evidence of guilty conduct on the part of the defendant by entrapping her in a compromising situation with a person employed for such purpose by or on behalf of the plaintiff.

The parties were married on April 8, 1906, and have one child, born on May 7, 1907. They separated in April, 1908, the defendant claiming that she was forced to leave the plaintiff because of his habits of intoxication and cruel treatment; and she, taking the child with her, returned to her father's home, where she has since lived and been supported by him.

This is an application for alimony *pendente lite,* and for suitable support for the child of the marriage, and for counsel fees to enable the defendant to defend the suit.

The following rules govern the application. Alimony will be allowed to a wife out of her husband's estate for her support during a matrimonial suit where a *prima facie* defense appears in her answer.

The court, to whom the application is addressed, will not prejudge the case in advance of the trial nor too carefully scrutinize the merits of the case unless the record on the affidavits submitted is so clear against the innocence of the wife as practically to exclude any probability of her prevailing in her defense. It is almost a matter of course to grant the allowance in actions for absolute divorce, where the wife denies the charge. The amount of alimony to be allowed depends upon the financial situation of the parties, and the wife must show that she has no means under her control sufficient to maintain herself pending the litigation. If it be allowed, the amount is within the judicial discretion of the court, to be governed by the needs of the wife, the husband's ability to pay and all the circumstances of the particular case, and no fixed rule as to the definite sum to be allowed can generally be stated.

The rules governing the allowance of temporary alimony are for the most part applicable to allowances for counsel fees and expenses incurred in the defense. Where a husband, as in the present case, chooses to compel his wife to embark upon the tempestuous sea of matrimonial litigation, he must supply her with sufficient passage-money, upon a seaworthy vessel, and provide her with a competent pilot for the voyage. If this be irksome or expensive in this instance, the blame does not rest upon the wife who, for five years before the suit was begun, was asking him for nothing for herself or their child, although she was dependent upon a father in modest circumstances for the support of both of them. It is asserted and seems to be the fact that the plaintiff has been to a very large extent supported by his parents, and especially his mother; and that she has instigated the present suit and supplied the means for prosecuting it, and for employing

private detectives to follow the defendant, so as to free her son from the obligations of a marriage to which she objected, both before and after it took place.

The situation is, I think, different from that in *Sidway* v. *Sidway,* decided by the Appellate Division in this department (156 App. Div. 61), where it was held that in an action for absolute divorce an award of alimony should not be based upon an assumption that, if it becomes necessary to enforce the award by contempt proceedings, the mother of the defendant will come to his aid, rather than allow him to be imprisoned. There the wife was plaintiff and the reasons given by the Appellate Division for its decision are inapplicable to the case at bar. In the present case the plaintiff has some income or resources, the nature of which is not disclosed, but it is sufficient to support him and to provide him with means for the consumption of liquor, as he himself admits, to such an extent that he has been obliged to go to a sanatorium on a number of occasions. Both he and his mother state in their affidavits that the expense of hiring detectives was voluntarily assumed by the plaintiff's mother, and she swears that in fact the plaintiff was not even aware that she had employed them. He swears that he had " nothing whatever to do with the hiring of the detectives who, I learn, were mainly instrumental in procuring the evidence upon which this action is based." And he swears, also, that " I, of course, have no personal knowledge of the offenses charged, and make them upon information and belief as set forth in the bill of particulars heretofore served herein," and yet he verified a complaint making the charge of adultery upon which he bases this action, not upon information and belief, but, as I have already shown, upon knowledge. The last mentioned circumstance leads me to pay but slight attention to the plaintiff's statements.

Moreover, if it be true, as the defendant claims, that by a conspiracy between the plaintiff and his mother persons were employed through a detective agency to beguile and entrap the defendant into a situation so compromising as to furnish a basis or foundation for this suit, although not in reality constituting adultery, but only its semblance, then surely the husband should be compelled either to furnish his wife with the means of proving this fact and her innocence of the charge, and supporting her until the issue can be tried, or else to withdraw the charge or stay his action till he make the payment.

As Vice-Chancellor McCoun said in *Purcell* v. *Purcell,* 3 Edw. Ch. 194: "If a husband will come into this court, complaining of his wife, either for a divorce or a separation, and the wife chooses to make a defense denying, under oath, the grounds of the bill, he must expect to furnish her with money to enable her to make her defense, and with suitable support during the litigation; and it is no excuse for the husband that his condition and circumstances will not allow of his making such provision. He must either make it or abandon the suit."

See, also, *Cohen* v. *Cohen,* 11 Misc. Rep. 704, and cases cited by Justice Giegerich holding that poverty of the husband is no defense to an application for counsel fees in his suit against her when she denies the charges on oath.

Taking all the circumstances as disclosed by the affidavits into account, I have reached the conclusion that pending the action it would be in furtherance of justice that alimony at the rate of $14 a week should be allowed to the defendant, and $6 a week for the support of the child of the marriage, now in his seventh year, and as a counsel fee the sum of $450 should be awarded. The weekly payments should begin from

December 20, 1913, the date of the notice of the application, and the counsel fee be payable in ten days from the entry and service of the order hereon, which order may be settled on notice.

Ordered accordingly.