## WALLMAN *v.* WALLMAN

No. 2661

October 6, 1924.           229 Pac. 1.

### ON MOTION FOR ATTORNEY'S FEE

1. DIVORCE—HUSBAND'S POVERTY NO DEFENSE TO WIFE'S APPLICATION FOR SUIT MONEY.

   Where husband is plaintiff in divorce suit, his poverty is no ground on which to resist application for suit money, since he must either furnish wife funds with which to make her defense or submit to stay of proceedings in action.

2. DIVORCE—HUSBAND LIABLE ON APPEAL TO ALLOWANCE FOR WIFE'S ATTORNEY'S FEES, BUT NOT FOR EXPENSE OF DEPOSITIONS.

   On plaintiff husband's appeal from judgment in wife's favor in divorce suit, wife on motion therefor is entitled to allowance for reasonable attorney's fees for services rendered in supreme court, but not for expenses incurred in taking depositions in trial court, which matter was entirely in the trial court's jurisdiction.·

See 19 C. J. sec. 554, p. 236, n. 63, 65; sec. 547, p. 232, n. 92.

APPEAL from Second Judicial District Court, Washoe County; *James A. Callahan,* Judge.·

Suit for divorce by Harry M. Wallman against Catherine C. Wallman. From a decree for defendant,

and an order denying a new trial, plaintiff appeals. On motion by defendant for allowance of attorney's fees for defense of suit in supreme court, and expenses incurred in taking depositions in trial court, and for stay of proceedings. **Granted as to attorney's fees, and proceedings stayed until compliance with order.**

*John Robb Clarke,* for Appellant.

*Evalyn Gregory,* for Respondent.

## OPINION

By the Court, COLEMAN, J.:

This suit was instituted by Harry M. Wallman to procure a divorce from his wife, Catherine C. Wallman. We will allude to the parties as plaintiff and defendant, as they were designated in the district court.

The parties intermarried in the State of New Jersey. The plaintiff, having established his residence in this state, instituted this action for a divorce. The defendant appeared and contested the action. Judgment and decree were entered in her favor. From the judgment, and an order denying a motion for a new trial, the plaintiff has appealed.

In apt time the defendant appeared in this court and made a motion for the allowance of attorney's fees in the sum of $200 for services to be rendered in defending the suit in this court, and for the payment of a further sum to pay expenses incurred by the defendant in the taking of depositions in her own behalf which were used in the trial court. Defendant also asks that an order be made staying these proceedings until such order as may be made is complied with.

In support of the motion the defendant filed and read upon the hearing several affidavits tending to establish the financial status of the respective parties. She recites that she resides in Newark, N. J.; that she has no money nor property, and no financial resources; and that she is dependent upon her own labor for a livelihood; and that she is earning only $64 per month. She

further states that the plaintiff is a professional musician, and when residing in New Jersey earned $60 per week as such; that he is able-bodied and capable of earning a good salary; that the plaintiff deserted her in December, 1922, since which time he had contributed nothing to her support or maintenance; that, at that time, he had in his possession $1,000; that she desires to employ Evalyn Gregory, an attorney at law, to present her defense in this court, and that $200 is a reasonable fee to be paid for such services; and that she is wholly without means to pay for the service of an attorney.

Appellant filed counter affidavits to the effect that, at the time his affidavit was executed, he was out of employment and had been out of employment since March, 1924, and that his total earnings for the 12 months prior to the making of the affidavit aggregated the sum of $269.10; that he has no other means, and that he is unable to borrow any money whatever, and that he is in debt to the amount of $1,450; and that he is unable to pay the amount asked for, or any sum whatever, as attorney's fees to the defendant. There are other affidavits and counter affidavits, but we do not deem it necessary to allude to them.

1, 2. In considering the motion, we must bear in mind that the husband instituted the suit in the trial court and is the appellant in this court, and that the defendant was brought into the case against her will. Suffice is to say that we think it appears from the affidavits that neither of the parties has any means of any consequence. That the plaintiff was at the time of filing his affidavit out of employment, and that the defendant was barely earning a living for herself.

Where the husband is the plaintiff in a suit for divorce, poverty on his part is no ground upon which to resist an application for suit money, since he must either furnish his wife with funds with which to make her defense, or submit to stay of proceedings in the action. In Cairnes v. Cairnes, 29 Colo. 260, 68 Pac. 233, 93 Am. St. Rep. 55, it was said:

"In this connection it may be well to state, however, that, when a husband desires the luxury of a divorce from his wife, he should be compelled to pay the expenses of his wife pending the litigation; and, in cases where the wife is a nonresident of the state, if she desires to come to the State of Colorado to make a defense, she should be given an opportunity to do so, and the courts should require plaintiff to deposit in court a sum sufficient to pay the expenses of the wife from her home to the State of Colorado, to be paid to her upon her arrival here within a reasonable time, with such additional sum as may be necessary to properly defend the suit. And in case the plaintiff is unable to make reasonable provision for his wife during the pendency of the suit, the suit should be abated until he is able to do so."

The Court of Appeals of Missouri, in Mangels v. Mangels, 6 Mo. App. 481, said:

"If the husband is plaintiff, and cannot furnish his wife with the means of defending his suit, he is not entitled to a decree. Purcell v. Purcell, 3 Edw. Ch. 194. That the husband has no visible estate is not a sufficient ground for refusing to the wife a proper allowance for necessary expenses of the suit."

In discussing this question it was said in Deemer v. Deemer, 7 Pa. Co. Ct. R. 554:

"As to her husband's ability to furnish the means for her, it is immaterial whether he has the ability or not. If he has the ability the wife is protected by an order in her favor. If he has not the ability and he is, as here, the libelant, we accomplish virtually the same end by making the allowance and suspending the proceedings until he becomes of sufficient ability to pay it. Schireman v. Schireman, 2 Max. 25, 7 Pa. C. C. R. 110."

Such is the rule in New York. We quote from Cohen v. Cohen, 11 Misc. Rep. 704, 32 N. Y. Supp. 1082:

"A careful consideration of the papers submitted satisfies me that the plaintiff is absolutely without means; but his poverty is no defense to the application. Hallock v. Hallock, 4 How. Pr. 160; Frickel v. Frickel,

4 Misc. Rep. 382, 24 N. Y. Supp. 483. He must, in an action of this character, either furnish the wife with the money to enable her to make her defense, or abandon the action. Purcell v. Purcell, 3 Edw. Ch. 194. Great injustice might be done if the husband were not compelled to furnish to his wife the means of having so important a question of fact as is involved in this action decided in the usual manner. Hallock v. Hallock, supra. It is proper, however, to take into consideration the pecuniary ability of the husband, and the circumstances in life of the parties, in fixing the amount of the allowance."

To the same effect, 19 C. J. 236, sec. 554.

Counsel for the plaintiff does not contend that the sum of $200 is not a fair and reasonable fee for defending the suit in this court.

We have no authority in this proceeding to make an order for the payment of the expense incurred in taking depositions in the trial court. That was a matter entirely in the jurisdiction of the trial court, subject to review on appeal.

It is ordered that the plaintiff pay to the clerk of this court for the benefit of the defendant as an attorney's fee the sum of $200, and that proceedings herein be stayed until this order is complied with.