THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY FRANGIPANE, Defendant.

County Court, Kings County, June 30, 1939.

*William F. X. Geoghan, District Attorney [George Palmer, Assistant District Attorney* of counsel], for the plaintiff.

*William Kleinman,* for the defendant.

BRANCATO, J.   On April 10, 1939, the defendant was sentenced to State's prison by this court on his plea of guilty accepted during trial in which he interposed the defense of alibi.   The defendant himself, his aunt, his uncle and another had testified in support of said alibi before the guilty plea was taken.   He now moves to set aside this plea of guilty and for a new trial on the grounds of newly-discovered evidence pursuant to subdivision 7 of section 465 of the Code of Criminal Procedure, stating in his moving affidavit, among other things, that, having been advised by his trial counsel and by his said aunt and uncle, to plead guilty, his courage failed him and that his own insistence to let the jury determine his fate was overcome and that he, therefore, pleaded guilty to a crime which he did not commit.

The defendant does not bring himself within the purview of the statute by him invoked.   His plea of guilty excludes him from the relief contemplated by its provisions since the power of this court to grant a *new trial* is limited to cases " when a *verdict* has been rendered against a defendant," etc.   The statute presupposes that

a defendant who applies for relief under subdivision 7 of section 465 of the Code of Criminal Procedure, has been already tried and convicted by the *verdict* of a jury. Subdivision 7 thereof authorizes a new trial to a defendant who, because of circumstances not within his control, was unable to produce at the trial certain material evidence which, had it been available to him then, " would probably have changed the *verdict.*" Not only the language of the statute but the universal practice of the courts leave no room for any other conclusion but that a defendant who has been convicted not by the verdict of a jury but upon his own plea of guilty, cannot claim the privilege afforded by subdivision 7 of section 465 of the Code of Criminal Procedure. This privilege is purely statutory and was not available to a defendant under the common law. (*People* v. *Seidenshner*, 152 N. Y. Supp. 595; *People* v. *Stielow*, 161 id. 599; *Appo* v. *People*, 20 N. Y. 531.)

The power to order a new trial in criminal causes is created and measured by the statute under consideration and cannot be exercised by the court after judgment unless the defendant comes within the scope of its provisions. (*People* v. *Schmidt*, 216 N. Y. 324, 328; *People* v. *Stielow, supra; People ex rel. Jerome* v. *General Sessions*, 185 N. Y. 504; *People* v. *Becker*, 210 id. 274, 327.)

I have carefully read the supporting affidavits submitted on this motion and I find that the proposed newly-discovered evidence is cumulative and consists of several other witnesses who aver that they are ready to corroborate the testimony of the alibi witnesses already adduced. I find further that some of the affiants might have been available to the defendant at the time of trial had due diligence been exercised before trial. The alleged newly-discovered evidence is, therefore, insufficient to warrant the relief demanded, even if this were a case where the court had the power to entertain this application because of a conviction by the verdict of a jury. (*People* v. *Priori*, 164 N. Y. 459; *People* v. *Jones*, 115 N. Y. Supp. 800; affd., 194 N. Y. 83; *People* v. *Moore*, 29 Misc 374; affd., 168 N. Y. 593; *People* v. *Gambacorta*, 197 id. 181; *People* v. *Stielow, supra; People* v. *Cummings* 168 Misc. 853.)

Nor has defendant's contention that he was ill advised by his former attorney and others to plead guilty during trial any merit on this motion. The statute upon which he bases his claim for relief does not contemplate granting a new trial for the reason herein advanced. The baneful effects to the orderly procedure in the administration of our penal laws are too obvious were we to grant new trials on the pretext of a defendant's alleged injudicious selection of counsel or for following his advice or the advice of others interested in his welfare.

Defendant's motion is, therefore, denied. Submit order.