THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN L. ALLEN, Defendant.

County Court, Columbia County, October 2, 1946.

*Michael Le Sawyer* for defendant.

*William F. Christiana, District Attorney,* for plaintiff.

CONNOR, J. This is a motion made by the defendant John Le Roy Allen now imprisoned in one of the penal institutions of this State under a plea of guilty to the charge of burglary in the third degree, to set aside his conviction and for a new trial.

The motion is made upon affidavits, which, if believed, would indicate that the defendant did not commit the crime with which he was charged, but rather the crime was committed by his wife and that he pled guilty to said charge in order to protect his wife.

Without passing upon the merits of the affidavit, the court knows of no method by which a conviction can be set aside, except through the provisions of sections 462, 463, 464 and 465 of the Code of Criminal Procedure. The power to grant a new trial and to set aside the conviction in a criminal case is granted to the court solely by statute, and the court has no power to do so except as the statute confers.

Section 465 of the Code of Criminal Procedure sets forth the statutes under which the court has power to grant a new trial. Every one of the subdivisions of section 465 of the Code of Criminal Procedure is an inference or a presumption of a verdict by a jury. In the case of *People* v. *Frangipane* (171 Misc. 610) the court held that a new trial could not be granted after the defendant had entered a plea of guilty. In the case of *People* v. *Wright* (263 App. Div. 1020) the Appellate Division held that no power to grant the defendant's motion for a new trial is resident in the County Court after a plea of guilty upon a motion for a new trial on the ground of newly discovered evidence.

It would seem that the only relief available to the defendant at the present time, if the facts disclosed by the affidavit are

true, would be through the Executive Department of the State in a pardon, and the District Attorney of the county should investigate the facts and if they are believed, the recommendation to the Governor of the State of New York of the pardon should be made and the defendant's wife immediately arrested.

Motion for a new trial is denied.