[No. 2173]

## JOSEPH BUEHLER, APPELLANT, *v.* ALICE C. BUEHLER, RESPONDENT.

[151 Pac. 44]

1. DIVORCE—APPEAL—DISPOSITION OF CAUSE.

On the appeal of a divorce action, the appellant cannot be required, under penalty of dismissal of the appeal on refusal, to pay amounts awarded respondent in the judgment appealed from, since to compel appellant to pay such amounts would be to nullify the purpose of the appeal.

2. DIVORCE—SUIT MONEY PENDING APPEAL.

On the appeal of a divorce action, the appellate court has power to make an allowance of suit money to the wife for the purpose of appeal.

3. DIVORCE—APPEAL—SUIT MONEY PENDING APPEAL.

On the husband's appeal from a judgment of divorce, where it appeared that he was a man of considerable means, that all of his property was outside the state, and that after trial and before judgment he left the state and cannot be located by respondent, who is without means, an order requiring appellant to pay a sufficient sum to compensate respondent's attorney for appearing in her behalf will be made.

4. DIVORCE—APPEAL—SUIT MONEY PENDING APPEAL.

On appeal from a judgment of divorce, attorney's fees pending appeal may be ordered to be paid by appellant within a specified time on penalty of dismissal of the appeal.

APPEAL from Second Judicial District Court, Washoe County; *Cole L. Harwood,* Judge.

Suit by Joseph Buehler against Alice C. Buehler. From a decree granting the defendant a divorce on her cross-complaint, the plaintiff appeals, and pending appeal the defendant moves for an order requiring plaintiff to pay attorney's fees and other sums. **Motion granted in part.**

*Summerfield & Richards,* for Appellant:

This court will not enforce a judgment which is appealed from before an opportunity has been given appellant to be heard upon appeal, although counsel fees may be allowed, in the discretion of the court, to enable respondent to carry on the proceedings in the appellate court. (*Lake* v. *Lake,* 16 Nev. 363, 17 Nev. 230.)

*A. E. Painter,* for Respondent:

Any court, having jurisdiction of a divorce matter, has

the right to require payment of temporary alimony. ( *Wilson* v. *Wilson*, 2 Hag. Cons. Eng. 204; *McGee* v. *McGee*, 10 Ga. 478; *Lake* v. *Lake*, 16 Nev. 367, 17 Nev. 238. )

The supreme court may refuse to modify a decree for permanent alimony until the decree for temporary alimony has been satisfied. (Nelson on Marriage and Divorce, vol. 2, sec. 861; *Maharry* v. *Maharry*, 47 Pac. 1051.)

Proceedings on appeal will be dismissed where the defendant removes from the jurisdiction of the court to defeat the enforcement of an order for alimony. (*Bates* v. *Bates*, 145 N. Y. Supp. 411; *White* v. *White*, 132 N. Y. Supp. 1043. )

By the Court, COLEMAN, J.:

Appellant brought suit against respondent in the district court of Washoe County for a divorce. To the complaint the respondent filed an answer and cross-complaint, and upon the trial a judgment and decree were entered in favor of respondent granting her a divorce. Judgment was also rendered in her favor for a monthly allowance as permanent alimony in the sum of $133.33, for $275 as attorney's fee, and in the further sum of $198.75 as costs. Appellant has brought the case to this court by appeal.

The matter is now before the court upon the application of respondent for an order requiring the appellant to pay the several sums for which judgment was rendered by the trial court, which has been appealed from, and for an allowance as an attorney's fee for her defense on the appeal. She also asks that the court fix a time within which said payments must be made, and that, in default of making such payments, the appeal be dismissed. The court is not asked to make an allowance to respondent as alimony pending this appeal.

[1-2] It is not contended by respondent that there is any statute authorizing the making of the order asked for, but it is claimed that it is an inherent power of the court to make the order. We are clearly of the opinion that we cannot make an order upon this application requiring appellant to pay the several amounts awarded respondent in the judgment appealed from. The appellant, having

perfected his appeal from the judgment, is entitled to have the judgment reviewed in the usual way, and for the court to undertake to compel appellant to pay any portion of that judgment would be to nullify the very purpose of the appeal. But we are satisfied that the court has power to make an allowance of suit money when asked for and when a proper showing is made.

In *Lake* v. *Lake*, 16 Nev. 303, this court said:

"No statutory provision authorizes an allowance for counsel fees in this court. But such right has been exercised by courts of similar jurisdiction in conformity with the decisions of the ecclesiastical courts of England. (*Goldsmith* v. *Goldsmith*, 6 Mich. 285; *Phillips* v. *Phillips*, 27 Wis. 252.) The exercise of such authority is based upon the presumption that jurisdiction in divorce cases carries with it by implication the incidental power to make such allowances. The power is indispensable to the proper exercise of jurisdiction in guarding the rights of wives."

The same question was before this court again in the case of *Lake* v. *Lake*, 17 Nev. 238, 30 Pac. 878, where the former ruling was adhered to.

There seems to be no doubt but that the practice in the ecclesiastical courts was to allow alimony on appeal, pending the final determination of the case. (*Loveden* v. *Loveden*, 1 Phillim. 208.)

"The authorities differ as to the power of an appellate court, to grant an order directing the payment of temporary alimony and suit money upon an appeal in a divorce action. In some jurisdictions such power is denied, but the weight of authority is in favor of an exercise of the power." (14 Cyc. 745.)

In the case of *Holcomb* v. *Holcomb*, 49 Wash. 498, 95 Pac. 1092, where all of the authorities taking both views are cited, it is held that the appellate court has power to make an order as to the suit money pending appeal. We see no reason for not adhering to the rule heretofore adopted by this court in the Lake case.

[3] It appears from the showing made upon the hearing of this matter that the appellant is a man of considerable

means, and that all of his property is without the State of Nevada; and that immediately after the case was tried, and before judgment the appellant left this state, and has never been heard from or located since by respondent, although diligent effort has been made to find him. It also appears that respondent is without means of support, has no assets upon which to raise money to conduct her case on appeal, and has no way of earning her living. We are fully satisfied that the facts of the case justify this court in making an order that appellant pay to respondent, or her attorney, a sum sufficient to compensate the latter for appearing in her behalf in the case pending in this court on appeal.

[4] We are also of the opinion that we may order such sum to be paid within a given time, and if the order is not complied with the appeal may be dismissed. (*Maharry* v. *Maharry*, 5 Okl. 371, 47 Pac. 1051; *Bennett* v. *Bennett*, 16 Okl. 164, 83 Pac. 550; *Bennett* v. *Bennett*, 15 Okl. 286, 81 Pac. 632, 70 L. R. A. 864; *White* v. *White*, 148 App. Div. 883, 132 N. Y. Supp. 1043; *Casteel* v. *Casteel*, 38 Ark. 477; *Newhouse* v. *Newhouse*, 14 Or. 290, 12 Pac. 422.)

At the time of the oral argument, counsel for appellant made a motion to strike from the files the motion and notice of motion of respondent. We believe this practice tends to confusion, and, so far as we are advised, is not approved by any court, but condemned by many. (*Wier* v. *Bradford*, 1 Colo. 14; 28 Cyc. 15.)

It is the order of the court that appellant be, and he is hereby, directed to pay to the respondent or her attorney of record, as an attorney's fee for her defense in this court, the sum of $250, within thirty days from the service of a copy hereof upon his attorney.

A further order as to attorney's fees may be made by the court, should future developments justify it.

Since no application was made for alimony pending the appeal, nor for suit money, no order will be made as to them.

NORCROSS, C. J.: I concur.

McCARRAN, J.: I concur in the order.

ORDER ON MOTION FOR ALIMONY PENDENTE LITE

Respondent's motion for an order granting alimony *pendente lite* came on regularly to be heard this day (October 26, 1915) before the court. Respondent appeared by and through her attorney, A. E. Painter, Esq., and the appellant by and through his attorneys, Messrs. Summerfield & Richards. Said motion was heard, argued, submitted, and duly considered, and, the court being fully advised in the premises—

*It Is Ordered*, and the court does hereby order, that said motion be, and the same is hereby, granted, and accordingly that appellant pay to the respondent, either through the clerk of this court or through A. E. Painter, Esq., the attorney for respondent, the sum of two hundred dollars ($200) per month, pending the appeal in this case, beginning from the date of this order, and that the same be made on or before the 5th day of each and every month, commencing on the 5th day of November, 1915; and that if appellant fails to make said monthly payments as aforesaid, this court will entertain a motion to dismiss his appeal herein.

ORDER OF DISMISSAL

*Per Curiam:*

It appearing to the court that heretofore, on the 26th day of October, 1915, an order was duly made and entered by this court requiring appellant to pay to respondent the sum of $200 per month alimony *pendente lite* on or before the fifth day of each and every month thereafter during the pendency of such appeal; and it appearing to this court that such order has not been complied with and no satisfactory excuse offered for such noncompliance; and it further appearing that on the 11th day of November, 1915, a notice of motion to dismiss the appeal for noncompliance with such order was filed in this court and served on counsel for appellant, which notice coming on to be heard upon the 15th day of November, 1915, was presented to the court by counsel for respondent, counsel for appellant failing to appear and resist said motion;

and it appearing to the satisfaction of the court that appellant has not complied and does not intend to comply with said order: therefore

*It Is Ordered,* that said appeal be and the same is hereby dismissed.

Dated December 6, 1915.