## AMERICAN SODIUM CO. v. SHELLEY

No. 2810

March 3, 1928.                              264 P. 980.

1. APPEAL AND ERROR—APPEAL IS PERFECTED BY GIVING PROPER NOTICE AND FILING REQUIRED UNDERTAKING.

An appeal is perfected by the giving of proper notice of appeal and the filing of required undertaking.

2. APPEAL AND ERROR—MOTION TO DISMISS APPEAL BECAUSE TRANSCRIPT WAS NOT FILED WITHIN 30 DAYS WAS DENIED, WHERE EXTENSION ORDER WAS GRANTED BEFORE ORIGINAL EXPIRATION DATE (RULE 2).

Where time for filing transcript on appeal expired January 18, but a valid order was entered on January 16, extending the 30 days' time, as provided by rule 2, for filing transcript, motion to dismiss appeal was denied.

3. APPEAL AND ERROR—ORDER, MADE BEFORE EXPIRATION OF TIME FOR FILING TRANSCRIPT ON APPEAL, FOR EXTENSION OF TIME FOR FILING, HELD VALID (RULE 21).

Court order for time extension made before expiration of time for filing transcript on appeal, and made pursuant to rule 21 authorizing court or justice thereof to enter an order, on good cause shown, extending time within which transcript may be filed *held* valid.

C. J.–CYC. REFERENCES

APPEAL AND ERROR—3 C. J. sec. 1141, p. 1106, n. 54; sec. 1284, p. 1202, n. 62; 4 C. J. sec. 2201, p. 467, n. 68.

APPEAL from Eighth Judicial District Court, Lyon County; *Emmett J. Walsh,* Judge pro tem.

Action by the American Sodium Company against Jennie Baldwin Shelley and another. From the judgment, defendants appeal, and plaintiff moves to dismiss the appeal for appellants' failure to file a transcript of the record as required. **Motion to dismiss denied, and 10 days given appellants to file transcript.**

*Green & Lunsford,* for Movant:

No transcript of record on appeal, statement on appeal, bill of exceptions, or other record on appeal was served or filed in supreme court within thirty days after appeal was perfected. Bill of exceptions must be served and filed within twenty days after final judgment. Rules 2 and 3; Stats. 1923, 163.

*Hoyt, Norcross & Cheney,* and *H. Pilkington,* for Appellants:

This court made order which does not expire until tomorrow for filing record upon appeal. Therefore this motion is premature. It is true that section 1, Stats. 1923, p. 163, makes no provision for extension of time, but section 2 provides no appeal shall be dismissed for any defect or informality in appellate proceedings, etc. Conformable to liberal statutes and decisions thereon regarding appellate practice, with view that litigant shall not be unjustly deprived of hearing on merits, and in view of impossibility of reporter to make transcript of notes within time limited (especially where no other means is at hand to bring proper transcript to supreme court), section 2 should be held to cover such case, though it might easily have been more happily worded.

## OPINION

*Per Curiam:*

The case is before the court on respondent's motion to dismiss the appeal for appellants' failure to file a transcript of the record within 30 days after the appeal was perfected as provided by rule 2. Appellants, in addition to resisting the motion to dismiss, made application for an order extending the time within which the transcript might be filed. Upon the hearing it was stipulated between counsel that, in case the motion to dismiss should be denied, appellants might have 10 days from the service of a copy of the opinion herein within which to file a transcript.

Rule 2 provides that an appeal may be dismissed on the application of the respondent, either upon notice to

the appellant or without the giving of such notice. When an application for a dismissal is made by the respondent without first giving such notice, the rule requires a certificate from the clerk of the trial court certifying to certain facts, and, when an order of dismissal is made upon such application, the appeal may be reinstated for good cause shown. When the application for a dismissal is made upon notice, no such certificate of the clerk is required, but the order of dismissal may be made upon good cause shown, no matter in what manner the good cause is made to appear.

In the instant case the respondent gave notice of his intention to move for the dismissal of the appeal, stating the grounds therefor, and at the time of serving such notice served a copy of an affidavit setting forth certain alleged facts in support of the motion.

The affidavit which follows the grounds relied upon in the motion states that the notice of appeal was served on December 16, 1927, and was filed on December 17, 1927; that an undertaking on appeal was filed on December 19, 1927, and that no transcript of the record, on appeal, bill of exceptions, or other record was filed in this court within 30 days after such appeal was perfected; that no transcript on appeal, bill of exceptions, or other record was settled, served, or filed in the trial court within the time allowed by law, or at all; and that the time for filing the same has expired.

1-3. An appeal is perfected by the giving of the proper notice of appeal and the filing of the required undertaking. The appeal in this case was perfected on December 19, 1927; hence the 30 days within which the transcript on appeal should have been filed in this court expired on January 18, 1928, unless a valid order of this court was entered extending the time therefor. On January 16 an order was made extending the time to and including February 15 within which to file said transcript. We think, in view of this order, that the motion to dismiss must be denied. Rule 21 expressly authorizes the court or a justice thereof to enter an order, upon good cause shown, extending the time within which a

transcript may be filed. The order was made before the expiration of the time allowed for filing the transcript, and is valid.

It is ordered that the motion to dismiss be denied, and that appellants have 10 days from the receipt of a copy hereof within which to file a transcript in this court.