# AMERICAN SODIUM CO. *v.* SHELLEY, ET AL.

No. 2810

May 23, 1928.                                                   267 P. 497.

(For former opinion, see 50 Nev. 416.)

*Green & Lunsford,* for Respondents:

## OPINION

*Per Curiam:*

On January 27, 1928, Geo. S. Green, as counsel for respondent, filed in this court two papers under one cover which is indorsed: "Notice of Motion to Dismiss Appeal and Affidavit of Geo. S. Green."

The first paper is designated, "Motion to Dismiss Appeal." The other paper is designated "Affidavit of Geo. S. Green."

It appears from the affidavit of Mr. Green that the judgment in the case was entered on August 1, 1927; that appellants' notice of appeal from the judgment and from the order denying a motion for a new trial was served on December 16, 1927, and that it was filed in the lower court on December 17, 1927, and that an undertaking on appeal was filed on December 19, 1927.

On the 16th of January, 1928, an order was made by a Justice of this court extending appellants' time for filing of a transcript of appeal for a period of thirty days. Within the time thus extended, on, to wit, February 14, 1928, the motion to dismiss was argued, at which time

the stipulation set out in our former opinion was entered into.

In the motion to dismiss appeal counsel states that he "will move and do hereby move, for an order vacating an order of this court made in the above-entitled cause on January 16, 1928, and dismissing the appeal in the above-entitled cause on the grounds and for the reasons following, to wit:

"(1) That notice of the purported appeal in said cause was served upon counsel for respondents on December 16, 1927, and was filed in the district court from which such appeal is purported to be taken on December 17, 1927; that an undertaking on appeal was filed in said district court on the 19th day of December, 1927; that such appeal was perfected on the 17th day of December, 1927, and that no transcript of a record on appeal, statement on appeal, bill of exceptions or other record on appeal was filed in this court within thirty days after such appeal was perfected, in violation of rules 2 and 3 of the Rules of the Supreme Court of the State of Nevada.

"(2) That there is no transcript on appeal, bill of exceptions, statement on appeal or other record on appeal either filed, served or settled in said district court within the time limited by law or at all, as shown by the annexed affidavit."

These are the sole grounds in support of the motion. No brief was filed in support of the motion, and the oral argument went entirely to the proposition that no bill of exceptions had been prepared, served and filed. With this statement we think we may safely proceed to dispose of the petition for rehearing.

We did not allude in our former opinion to the question of the vacating of the order to dispose of the order of January 16, 1928, extending the time for filing of the transcript on appeal. We did not do so for the reason that there was nothing in the motion itself or in the oral argument in support of that proposition.

The order of January 16 recites that it was made for good cause appearing. If the court had jurisdiction to

make the order it was a valid order and would be vacated only when it was shown that there was an abuse of discretion.

It was not contended on the original hearing that the order was in excess of jurisdiction, nor was it contended that it was an abuse of discretion by the court to make it. The entire argument was based upon the proposition that the time had expired within which a bill of exceptions might be taken, and that none had been taken, as pointed out in our former opinion. We thought our former opinion disposed of the real question before us and that it was unnecessary to go into a consideration of other questions. It seems that we were mistaken. We will endeavor to elucidate.

Just here we will consider what seems to be counsel's main contention, which is stated for the first time in the petition for rehearing, wherein he says:

"We do not understand that this court has ever held that it could acquire appellate jurisdiction merely by extending the time for filing a record on appeal. If this court can acquire appellate jurisdiction in such a manner there can be no such thing as finality of a judgment. If the court extended the time in one case, it would, no doubt, feel constrained to do the same in other cases, and the indulgence of the court would be the only limitation upon the time for filing a record on appeal in the supreme court."

We will first dispose of the assertion that "this court has never held that it could acquire appellate jurisdiction merely by extending the time for filing a record on appeal."

We are sure this court has never so held and equally sure it never will. We did not so hold in our former opinion in this case, nor did we so intimate. We pointed out in that opinion that an appeal to this court is perfected by giving notice of appeal and by the giving of an undertaking. Such was held to be the rule in one of the very earliest decisions of this court (Peran v. Monroe, 1 Nev. 484), and so far as we know this statement of the law has never been questioned. The Chief Justice,

in the recent matter of Dunphy v. McNamara, 50 Nev. 113, 252 P. 943, so held. We think this is settled law. While such is the law the lower court retains jurisdiction in many instances, for the purpose of settling a bill of exceptions, and the like (James v. Leport, 19 Nev. 176), but on the other hand, as soon as the appeal is perfected this court acquires jurisdiction for certain purposes.

No, the court did not acquire jurisdiction by extending the time for the filing of a transcript, but it did so extend the time for the filing of a transcript because of the jurisdiction acquired as a result of the perfecting of the appeal. This is a jurisdiction which it has often exercised pursuant to the rule referred to in our former opinion. This authority has never been questioned until now.

But the very right to move to dismiss, which counsel invoked, is given by a rule of this court, which is of no greater force than the other rules. How can counsel consistently invoke the rule which he thinks is favorable to him, and in the same breath repudiate some other rule? But it matters little what counsel may think of it since the legislators expressly conferred the power to adopt rules upon this court (Stats. 1869, p. 286), which is still in force. It has been repeatedly held that a rule of the court is binding unless in conflict with some statute. Haley v. Eureka, 20 Nev. 410.

Without further reference to this phase of the matter we feel confident that an impartial view of this situation can lead to no other conclusion than that counsel is in error.

The intimation that the court might feel constrained to make a similar order in other cases can in no way affect the jurisdiction of the court.

■ Though we think we have said enough to show that our former opinion is correct, in view of the fact that counsel seems to have an erroneous idea as to certain matters, we will comment further.

Section 5329, Rev. Laws, as amended, provides for the taking of an appeal by a party when he finds himself in

one or more situations. He may appeal from the judgment alone or he may appeal from the order denying a motion for a new trial. He may appeal from both. He may appeal from still other orders. In the instant case the appeal was from both the judgment and the order denying a motion for a new trial. In view of the fact that the original argument was based upon the proposition that the time for the taking of a bill of exceptions had expired, and that none had been settled, or even prepared, we call attention to what we said in Segale v. Pagni, 49 Nev. 313, 244 P. 1010, which is in harmony with the long established and generally well-known practice.

"The first three grounds of the motion are based upon the proposition that there is no bill of exceptions in the record settled and allowed by the court or judge or by stipulation of the parties. There is a pretended bill of exceptions in the record, certified and sworn to by the court stenographer, but, if no effort had been made to embody a bill of exceptions in the record, the motions should be denied so far as the first three grounds are concerned, for the reason that we cannot at this stage of the proceedings assume that appellants may not contend that, for errors appearing upon the face of the judgment roll alone, the judgment should be reversed."

An appeal having been taken from the judgment, appellant has the right to have the court inspect the judgment roll alone to ascertain if reversible error appears. A judgment roll may constitute the transcript in a case, as is evident from rule 2. It was on this theory we denied the motion. The only mistake we made was in assuming that it was unnecessary to go into details.

We think what we have said should make it clear to counsel that our conclusion in the former opinion was in harmony with the well-established and amply justified practice, and that he need not fear any radical action by the court in the matter of extension of time for the filing of transcripts.

The petition is denied.