## AMERICAN SODIUM COMPANY *v.* SHELLEY, ET AL.

No. 2810

June 18, 1928.                                           268 P. 45.

*Norcross & Cheney,* of Reno, and *H. Pilkington,* of Yerington, for Appellants.

*Green & Lunsford,* of Reno, for Respondent.

### OPINION

By the Court, SANDERS, C. J.:

This appeal was formerly before us upon respondent's motion to dismiss for appellant's failure to file a transcript within thirty days after the appeal was perfected

as provided by rule 2 of this court, which motion was denied and appellants given ten days from the receipt of a copy of the order within which to file a transcript. 264 P. 980. Being dissatisfied with the ruling, the respondent filed a petition for rehearing. Pending the disposition of the petition, a transcript was filed in this court, with the certificate of the clerk of the court below attached thereto, which shows affirmatively that the trancript consists of the original papers constituting the judgment roll. The respondent again moved for dismissal of the appeal and to strike all the papers specified in the motion which do not constitute a part of the judgment roll proper. The petition for rehearing was denied in a per curiam opinion not yet reported.

■ The motion to dismiss is based principally upon the ground that no bill of exceptions was filed, served, settled, allowed and authenticated as required by section 1 of chapter 97 of the Statutes of 1923, entitled "An act to regulate proceedings on motions for new trials and on appeal in civil cases." The appeal being from the judgment upon the judgment roll alone, we do not perceive the relevancy of the motion to dismiss for failure of appellants to perfect a bill of exceptions within the time and in the manner provided by the statute. The judgment roll is not incorporated in a bill of exceptions and no bill of exceptions is attached to the judgment roll. The motion to dismiss upon the ground stated is denied.

■ The motion contains the statement that the findings of fact and conclusions of law and the judgment predicated thereon appear not to have been signed by the trial judge and, therefore, the appeal should be dismissed. Counsel for respondent, upon the hearing of the motion, offered in evidence the copy of the transcript served upon them in corroboration of the statement. The copies of the findings and judgment on file herein, and certified by the clerk to be true and correct copies of the originals, do show that they were signed by the trial judge. We do not think the discrepancy between the copies served and those filed constitutes sufficient ground for the dismissal of the appeal.

■ The motion to strike from the transcript the papers specified is well taken. A judgment roll consists of the papers designated by statute and of no others. A party may appeal upon the judgment roll alone, in which case only such errors can be considered as appear upon the face of the judgment roll. Statutes 1915, 164, section 11. There is included in the transcript before us a number of papers which do not constitute a part of the judgment roll and, therefore, cannot be considered on this appeal. Instead, however, of making a formal order striking the papers we shall adhere to the mandate of the statute and not consider them upon the merits of this appeal.

The motion to dismiss the appeal is denied.