ORLEANS HORNSILVER MINING CO. *v.* LE CHAMP
D'OR FRENCH GOLD MINING CO., LTD., Et Al.

No. 2876

October 7, 1929.                    280 P. 887.

*Harwood & Diskin,* for Appellant:

*John F. Kunz,* for Respondents:

## OPINION

*Per Curiam:*

This case is before the court on a motion for a diminution of the record in pursuance of rule 7 of this court.

Counsel for respondent, prior to the hearing of the motion mentioned, made a motion to strike the motion for a diminution of the record. Both motions were argued and submitted together.

Respondent's motion is based upon the following ground, namely: That more than six months had elapsed between the rendition of the judgment before the motion of appellant was made, and that more than 60 days had elapsed since the date of the order denying the motion for a new trial, and more than 30 days had expired since the settlement of the bill of exceptions.

In support of respondent's motion it is said: The original bill of exceptions is not certified by the clerk of the trial court; that neither the original notice of appeal nor the undertaking on appeal have been filed as a part of the record on appeal; and that no certified

copy of the order denying the motion for a new trial nor a certified copy of the minute entry were ever filed in this court.

■ Let us first say that the filing of the counter motion, going as it does to the merits of appellant's motion, is bad practice. Buehler v. Buehler, 38 Nev. 500, 151 P. 44. We will confine our attention to the merits of appellant's motion.

Rule 7 of this court provides: "For the purpose of correcting any error or defect in the transcript from the court below, either party may suggest the same, in writing, to this court, and upon good cause shown, obtain an order that the proper clerk certify to the whole or a part of the record as may be required, or may produce the same duly certified, without such order."

In support of the application an affidavit was filed showing the existence of the original document.

Counsel for respondents, notwithstanding the rule, insists that these documents cannot be produced, since, as contended, this court is without jurisdiction as the motion was not made within the time in which a perfected transcript may be filed. In support of his contention he relies upon section 11, c. 142, Stats. 1915, p. 166, which reads: "The original bills of exceptions herein provided for, together with a notice of appeal and the undertaking on appeal, shall be annexed to a copy of the judgment roll, certified by the clerk or by the parties, if the appeal be from the judgment; if the appeal be from an order, such original bill shall be annexed to such order, and the same shall be and become the record on appeal when filed in the supreme court. * * * "

■■ It has been repeatedly held by this court that an appeal is perfected by the giving of a notice of appeal and by the giving of an undertaking, and, notwithstanding the perfecting of an appeal, that the trial court retains jurisdiction for certain purposes. American Sodium Co. v. Shelley et al., 51 Nev. 26, 267 P. 497. Pursuant to this well-established rule and the undisputed affidavit in support of the motion for a diminution

of the record, that the appeal was perfected cannot be doubted. The only question remaining to be decided is: Has this court acquired such jurisdiction as to warrant it in making the order for a diminution of the record?

Rule 2 of this court reads: "The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected, and the bill of exceptions, if there be one, has been settled."

Counsel for respondents in his motion to strike states that the bill of exceptions was settled June 24, 1929. He is in error as to the date, but there was filed in this court on June 8, 1929, a bill of exceptions, certified to by the stenographer as to the testimony and other proceedings, and stipulated to by counsel on May 24, 1929, as provided by section 1, Stats. 1923, p. 163, c. 97, which bears a certificate of the clerk of the trial court, under seal, to the effect "that no objections have been filed in my office to the allowance or settlement of the foregoing bill of exceptions."

The bill of exceptions contains the complaint, the answers of respective defendants, the reply, the evidence taken on the trial, notice of motion for new trial, motion for a new trial, the proceedings on the motion for a new trial, including the order of court denying the motion, memorandum of errors, and other documents.

This bill of exceptions, from a casual observation, appears to contain all of the material necessary to enable us to consider the record in disposing of alleged errors appearing both upon the judgment roll and the ruling in denying the motion for a new trial.

Pursuant to chapter 88, Stats. 1927, it is not necessary to bring to this court a separate copy of the judgment roll when documents which constitute the judgment roll are embraced in the bill of exceptions.

■ Our attention is not directed to any provision of law requiring a certificate when the original bill of exceptions constitutes the transcript, nor do we know of any.

■ In our opinion the failure to embrace in the record in this case the notice of appeal and the undertaking is

not jurisdictional. They served their purposes in perfecting the appeal, and the only reason for providing for their being sent up with the record is to show that the appeal was duly perfected.

In due time counsel for appellant filed their opening brief. Thereafter counsel for respondents obtained stipulations extending the time for the filing of an answering brief. This constituted a waiver of all objections which do not go to the jurisdiction of the court. Botsford v. Van Riper, 32 Nev. 214, 106 P. 440.

It is the policy of the law that cases should be disposed of in this court on their merits, where possible, as is manifest from a consideration of section 5358, Rev. Laws, and of section 2, c. 97, Stats. 1923. The last-named section provides that no appeal shall be dismissed for any defect or informality in the appellate proceedings until the appellant has been given an opportunity, upon such terms as may be just, to amend or correct such defect. This provision is liberally construed. Shirk v. Palmer, 48 Nev. 449, 232 P. 1083, 236 P. 678, 239 P. 1000.

Our attention has been directed to decisions from other jurisdictions. We do not think they control.

Taking the view expressed, the motion for a diminution of the record should be granted.

It is so ordered.