## WHITMAN *v.* MORAN, JUDGE OF SECOND JUDICIAL DISTRICT COURT

No. 2987

August 30, 1932.                                    13 P.(2d) 1107.

*Clyde D. Souter,* for Petitioner.

*Thomas F. Ryan,* for Respondent.

## OPINION

By the Court, COLEMAN, C. J.:

This is an original proceeding in mandamus.

Upon the filing and reading of the verified petition, the court entered an order directing the issuance of an alternative writ.

On the return day a motion to quash the writ was filed and argued.

The petition herein alleges that on February 26, 1932, the petitioner filed in the respondent court a complaint in an action for a divorce from Elsie Vanderhoof Titchnor Whitman, and that service of summons was had upon her in the State of New Jersey; that thereafter the defendant in said suit filed a demurrer to the complaint, and also made application for suit money and traveling expenses; that upon the hearing of said application an affidavit by the defendant in said divorce suit in support thereof was filed and read; that thereafter an affidavit made by the plaintiff was filed and read; and that on motion of counsel for the defendant the court entered an order striking from the files said affidavit of the plaintiff.

This proceeding is to compel the respondent to vacate said order striking said affidavit, and the order allowing suit money and traveling expenses, and to consider said affidavit in the fixing of said allowances.

The motion to quash the writ is based upon three grounds, but as the first ground is waived, we will consider the other two only.

The first ground to be considered is that no copy of the petition was served with the writ.

It is provided by section 9243, N. C. L., that the writ of mandamus "shall be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. It shall be issued upon affidavit, on the application of the party beneficially interested." And section 9253 provides: "The writ shall be served in the same manner as a summons in a civil action. * * *"

It is provided in section 9244, N. C. L., that the alternative writ shall state generally the allegations against the party to whom it is directed, commanding such party to do the act required to be performed, or to show cause why it has not been done.

Nowhere is it provided that a copy of the affidavit (the form of which is immaterial) shall be served with the writ.

The practice in this particular varies in the different

states (38 C. J. 862), some of them requiring that a copy of the affidavit be served with the writ, others not.

It was said in State ex rel. Curtis v. McCullough, 3 Nev. 202, that the affidavit is required to be served with the writ. The question was again suggested in State v. Gracey, 11 Nev. 223, but the court did not find it necessary to determine the question.

In State v. Jumbo Ext. M. Co., 30 Nev. 192, 94 P. 74, 75, 133 Am. St. Rep. 715, 16 Ann. Cas. 896, it was said: "While there is little difference in the way these issues are raised, we think the better practice in the future to be pursued in similar cases is to raise any objections to the petition by demurrer or answer."

This expression evidently contemplates that the verified petition (or affidavit) shall be served with the writ.

■ We think it has been the usual practice in this jurisdiction to serve with the alternative writ a copy of the affidavit, and we are disposed to encourage this practice; however, in view of the conclusion which we have reached, we do not find it necessary to determine the effect of the failure to serve a copy in this proceeding. This conclusion is based upon the fact that the respondent not only appeared specially in moving to quash the writ, but generally, in that it is contended that the petitioner seeks to have this court issue a peremptory writ ordering the respondent to do an act concerning which he was entitled to and did exercise judicial discretion, which cannot be controlled by such a writ.

■ It is provided by section 8909, N. C. L., that every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order, and that an application for an order is a motion. Rule X of the district court provides that the notice of motion shall state the papers to be used upon the hearing of the motion. Rule XI provides that, upon the hearing of the motion, the opposing party shall read or state the contents of his opposing papers.

Pursuant to these rules, which have the force and effect of statutes (State ex rel. Williams v. District

Court, 48 Nev. 459, 233 P. 843), it has become the well-recognized practice in applications for suit money in divorce proceedings to submit the matter upon the affidavits of the respective parties, supplemented by such other evidence as may be deemed desirable. Such practice was resorted to in the divorce suit referred to herein.

On motion, the respondent entered an order striking the plaintiff's affidavit filed in response to the affidavit of the defendant in support of her motion for suit money and traveling expenses. The court granted the motion upon the ground that a part of his said affidavit was based upon information and belief, and upon the further ground that the poverty of the plaintiff in the action could not be considered on such an application.

It is clear that the court erred in striking out the affidavit, for the reason that a portion of the affidavit was made on the positive knowledge of the plaintiff. Furthermore, we think it is the duty of the court to consider the poverty of the plaintiff in a suit for divorce in fixing the allowance of suit money and traveling expenses. While we held in Wallman v. Wallman, 48 Nev. 239, 229 P. 1, 35 A. L. R. 1096, that an allowance of an attorney's fee was proper notwithstanding the poverty of the plaintiff, we did not go so far as to say that the financial standing of the parties and their station in life should not be considered in fixing the amount. We think it should. Certainly a court would not allow as much to a poor man's wife for traveling expenses, hotel bills, and the like, as to the wife of a rich man. The wealth of some people enables them to travel in private cars, others enjoy only a Pullman berth, while many can afford only a day coach. The financial standing and station in life of the parties are and should be taken into consideration in making allowances to cover these items of expense. In the Wallman Case counsel for plaintiff took the position that no amount should be allowed, but that if any should be allowed, the amount asked for was reasonable. Such is not the position of plaintiff in this case.

██ But the question for our determination is one of jurisdiction only. Did the court have jurisdiction to strike plaintiff's affidavit?

The rule of the district court above referred to allows the plaintiff in a suit for divorce to file a counter affidavit on motion for alimony and suit money. It is the duty of the court to consider such an affidavit and to give it such weight as it may be entitled to, so long as it is a part of the record.

In reply to the contention of counsel for the respondent to the effect that the court had the authority to strike the affidavit, and, even if it erred, it erred in the exercise of jurisdiction, and that mandamus does not lie to control the discretion of the court, it is said by counsel for petitioner that section 8623 N. C. L., controls, and in this connection our attention is directed to that portion of the section reading: "Sham and irrelevant answers and replies and so much of any pleading as may be irrelevant, redundant or immaterial, may be stricken out on motion, and upon such terms as the court, in its discretion, may impose. * * *"

It is also said that to enable one to invoke this section notice must be given, and that no notice was given.

We cannot agree with this contention. The language quoted applies solely to pleading. The affidavit in question is not a pleading; it is merely evidence. It is a common practice in this jurisdiction for the court to strike out evidence which is irrelevant. Had the parties appeared in person, instead of by affidavit, upon the hearing, there is no doubt but that the court would have had jurisdiction to strike the evidence in whole or in part. The mere fact that the evidence is presented in the form of an affidavit does not justify a different rule.

Having reached the conclusion that the court had jurisdiction to strike the affidavit, it is ordered that the peremptory writ be denied, and that these proceedings be, and they are hereby, dismissed.