# HERRICK *v.* HERRICK

No. 2993

November 1, 1932.                    15 P. (2d) 681.

*Cantwell & Springmeyer*, for Appellant.

*Thatcher & Woodburn*, for Respondent.

## OPINION

By the Court, DUCKER, J.:

Respondent, Lester Herrick, instituted this suit for a divorce in the district court of Washoe County. Appellant answered, and upon a trial a decree of divorce was rendered and entered granting him a divorce.

The matter now under consideration by this court is a motion by appellant for an order requiring respondent to pay appellant an attorney fee of $500 to enable her to prosecute her appeal. In support of her motion appellant filed and presented on the hearing her affidavit in which it is alleged, among other matters, that she has

good and substantial grounds for a reversal of the decree of divorce; that the sum of $500 is a proper, reasonable, and necessary attorney fee for such services and is commensurate with the station in life and financial worth of the respondent; that she is informed and believes that he has 172 shares of stock in the accountancy firm of Herrick & Herrick of San Francisco, the exact nature of which is unknown to her; that the total value of his property is in excess of $20,000, and that his income is in excess of $1,000 per month; that since the entry of said judgment respondent, notwithstanding his knowledge of the pendency of appellant's motion for a new trial and her announced intention to appeal in the event a new trial was denied, has remarried; that appellant has no ability to borrow money for the payment of her attorney's fees herein and has no means or funds and no property except an interest in the community property of appellant's and respondent's, including the stock hereinbefore referred to and the sum of approximately $1,200 on deposit with the clerk of said district court, no part of which she is advised should she accept during the pendency of her appeal herein; and that her sole and only means of support herein is under and by virtue of an order for allowance to her made by the said district court.

Respondent filed and presented his opposing affidavit in which it is denied that he has property in excess of $20,000 or in any other sum or amount whatever, and alleged that he is entirely without income of any kind whatsoever and has been so without income since January 1, 1927, with the single exception of an earning of $2,500 in the year 1928. It is admitted that he has an equity in 170 shares of the capital stock of Herrick Development Company, a California corporation, whose sole and only property is the ownership of all the assets and business carried on by a copartnership acting as agent for said Herrick Development Company, which said copartnership is engaged in the business of public accountancy; that such shares of stock are pledged

as collateral security for a debt of respondent to the pledgees in the sum in excess of $47,000; that the book value of said shares is of little or no value; that according to a statement issued by said corporation on December 31, 1931, said stock value was $49,866.09; that affiant has recently inquired as to the present status of said corporation and has been informed by the president thereof that in the tragic financial situation which exists at the present time, a certainty of the value of accounts receivable and much of the investment in work done for clients cannot be determined short of actual collection; that the book value of $49,866.09 is computed upon the basis of all accounts being collectible 100 cents on the dollar; that the said stock has no market value and is not negotiable except with the written consent and approval of the other stockholders in said corporation. It is admitted in respondent's affidavit that he remarried at the city of Reno, State of Nevada, on May 18, 1932, and alleged that his present wife has been for many years and is now employed as a teacher in the San Francisco public schools and since said marriage has been and now is self-supporting; that prior to his remarriage his present wife had full knowledge of his financial position and of his inability to secure employment or income from any source, and has contributed all of her earned income since said marriage, as well as moneys borrowed by her, for the joint support of herself and respondent, and for the purpose of making the monthly payments required by him to appellant upon the order of allowance to her on appeal entered in said district court on May 19, 1932. It is alleged that the only source available to respondent of obtaining money for his needs or for his support or for the support of appellant, or for the payment of any expenses in connection with the litigation, was upon said 170 shares of stock, and upon the security of his pledge of said stock, and that said source has by reason of the depleted equity in said stock long since ceased to exist. It is alleged that he fully and fairly stated all of the facts

of this suit to his attorney William Woodburn, and has been informed by said attorney that appellant has not good and substantial grounds for the reversal of said judgment. It is further alleged that the said contemplated appeal will not be prosecuted in good faith, but if taken will be solely for the purpose of carrying out a vexatious course of conduct which appellant has persisted in for the past nine years.

■ The power of this court to order a respondent in a divorce case to pay an allowance as an attorney's fee for the wife for her defense on the appeal has been established. Lake v. Lake, 16 Nev. 363; Id., 17 Nev. 230, 30 P. 878; Buehler v. Buehler, 38 Nev. 500, 151 P. 44. It follows therefore that this court has authority in a divorce case to order such payment from the husband when the wife is the defeated party, for the prosecution of her appeal. As said in Lake v. Lake, 16 Nev. 368: "The object of the law is, to afford a wife without means the funds necessary to prosecute or defend suits of this nature. This object would be frustrated, if, after a decree of divorce were rendered, courts should withhold from her the means necessary for a reasonable review of the proceedings."

The only question then is: What is a reasonable attorney fee under the facts disclosed?

■■ Respondent avers, as previously stated, that he is without funds or property, or at the most he has only an equity in the shares of stock described in his affidavit, which are of little or no value and are pledged as collateral security for his debt of $47,000 owing to the pledgees; and that he has no income whatever. But it has been held by this court that the poverty of the husband is no reason for exempting him from the payment of an attorney fee for the wife in a divorce action. Wallman v. Wallman, 48 Nev. 239, 229 P. 1, 35 A. L. R. 1096. We said in a case recently decided that it was the duty of a court to consider the poverty of the husband in a suit for divorce in fixing the allowance of suit money and traveling expenses. Clarence P. Whitman v. Hon. Thomas F. Moran as Judge

of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, Department No. 1 thereof, 54 Nev. 276, 13 P.(2d) 1107. We now hold that the poverty of the respondent as shown by his affidavit should be taken into consideration by this court in fixing the amount of the attorney fee applied for. In consideration thereof and of the other facts stated, we conclude that the amount of $250 is a reasonable allowance for such fee. In view of the fact that counsel for appellant stated on the oral argument in this case that they were willing to accept an assignment of respondent's equity in the said 170 shares of stock and relinquish all claim to an attorney fee, we make the following order:

It is ordered that respondent pay to appellant or her counsel within 30 days from this date the sum of $250 as an attorney fee for the prosecution of her appeal, or in lieu thereof execute to her within the same time an assignment of his equity to the 170 shares of the capital stock of Herrick Development Company, a California corporation, mentioned in his affidavit.