# JEFFERS *v.* JEFFERS

No. 3030

October 11, 1933.                                    25 P. (2d) 556.

*Ham & Taylor,* for Appellant:

*C. D. Breeze,* for Respondent:

# OPINION

By the Court, DUCKER, J.:

The respondent obtained a decree of divorce from appellant in the Eighth judicial district court in and for the county of Clark. An appeal was taken and appellant filed a motion in this court for attorney's fee, filing fee, and costs on appeal. The motion was submitted without oral argument. Appellant alleges, in her affidavit filed in support of her motion, that she is destitute of means to prosecute her appeal; that her only source of income is $80 per month allowed her by the lower court by virtue of a decree of divorce; and that $1,000 is a fair sum for such attorney's fees. She alleges further that the husband is able to earn with ordinary industry the sum of $750 per month as a salesman and does earn in excess of that sum. She also alleges that he is in possession of a large amount of community property, the exact description and value of which is unknown to her. Respondent in his opposing affidavit alleges, among other matters, that he has no property or means of any kind and is indebted to his employer in the sum of $3,500; that he is paid no salary, and his only source of income is from commissions which he receives as a traveling salesman, which commission he received only on orders taken and goods delivered; that during the last three years his commissions have not equalled his drawing or expense account of $300 per month which he receives from his employer and which is charged against his commissions; and that he will be obliged to make up the deficiency from commissions to be earned in the future.

1. As will be seen, the affidavits show an issue of

ample ability on one side and total inability on the other to pay the sums claimed as necessary for the wife's expenses on appeal. This is a situation often presented on applications of this kind. It is the law, however, that the poverty of the husband is no defense against the wife's right to obtain from him the means necessary to prosecute her appeal in a divorce action. Herrick v. Herrick, 54 Nev. 323, 15 P. (2d) 681. Such poverty is a fact for consideration in fixing the amount. See supra.

2. We think the averment of appellant that respondent earns in excess of $750 per month as a salesman is, to say the least, an optimistic view. A traveling salesman who could earn in excess of $9,000 a year in a time of depression would be a genius in his vocation. Her averment that he is in possession of a large amount of community property, the exact description and value of which is unknown to her, is very indefinite and is denied by him. We conclude under the circumstances that the sum of $200 would be a reasonable amount as an attorney's fee and that respondent should also pay the filing fee of $25.

It is therefore ordered that respondent pay to the clerk of this court for the benefit of appellant as an attorney's fee the sum of $200, and $25 for a filing fee. No showing has been made as to further costs, and the application in that regard is denied.