LAMB *v.* LAMB

No. 3090

December 17, 1934.                    38 P. (2d) 659.

438

*W. M. Kearney,* for Appellant.

*Ayres, Gardiner & Pike,* and *George L. Sanford,* for Respondent.

## OPINION

By the Court, COLEMAN, J.:

This is an application by Doris Lamb for an order requiring her husband, Frank B. Lamb, to deposit with the clerk of this court moneys to cover expenses incident to an appeal, including attorney's fee. The application grows out of this situation: Frank B. Lamb, as plaintiff, instituted suit for divorce against Doris Lamb in the First judicial district court, in and for Ormsby County, Nevada, upon the trial of which a decree was entered in favor of the plaintiff. Thereafter a motion for a new trial was made, and in due course was denied. Defendant served her notice of appeal, and filed an undertaking on appeal.

1. When this matter came on for hearing, the respondent made a motion to strike from the files and to dismiss the application for expense money. The court heard both the application and the motion to strike. The appellant filed affidavits in support of her application, and respondent filed a counter affidavit. We have repeatedly held that it is bad practice to file a motion to strike a motion, or what amounts to a motion (Orleans M. Co. v. Le Champ D'Or F. G. M. Co., 52 Nev. 85, 280 P. 887), hence the motion to strike will be stricken, and we will dispose of the application on the objection made thereto, namely, as to the jurisdiction of the court to hear the application and the matter of allowances. The objection to the jurisdiction of this

court to hear this application is based upon the contention that there has not been filed a transcript of the record on appeal, hence there is no appeal before the court in which it can assume jurisdiction.

2. It is well settled in this state that an appeal to this court is perfected by giving a notice of appeal and by filing in apt time the undertaking on appeal. Peran v. Monroe, 1 Nev. 484; Twilegar v. Stevens, 49 Nev. 273, 244 P. 896; American Sodium Co. v. Shelley et al., 50 Nev. 416, 264 P. 980; American Sodium Co. v. Shelley et al., 51 Nev. 26, 267 P. 497; Orleans M. Co. v. Le Champ D'Or F. G. M. Co., supra.

· 3. The appeal having been perfected, this court has jurisdiction to enter certain orders. We so held in American Sodium Co. v. Shelley, 51 Nev. 26, 267 P. 497. The question is, has it jurisdiction to make the order sought in this case? We think it has. That this court has jurisdiction to make such allowances as here sought, where the transcript on appeal has been filed, is conceded, as we understand. At any rate, such is the well-settled rule in this state. Buehler v. Buehler, 38 Nev. 500, 151 P. 44. But counsel contend that this is an original proceeding which the court has no jurisdiction to entertain. · A grant of jurisdiction implies that there is included in it the power necessary to its effective exercise and to make all orders that will preserve the subject of the action and to aid in making effective any judgment which it may ultimately make upon the disposition of the case upon its merits. A party to a divorce suit is entitled to an appeal from an adverse judgment. If the appealing party be the wife, and all the property of the spouses is held in the name of the husband, her right of appeal would be unavailing unless she can be provided with the means to prosecute it. In such a case the only way to make the appeal effectual and to carry out the intent and purpose of the law is for this court to exercise its appellate jurisdiction. In Matter of Davis' Estate Et Al., 151 Cal. 318, 86 P. 183, 90 P. 711, 712, 121 Am. St. Rep. 105, in which the transcript had been destroyed by fire following the 1906

earthquake, the court said: "The jurisdiction of this court on appeal is not determined by the presence or absence of a copy of the record from the trial court— the transcript on appeal. It acquires that jurisdiction immediately upon the filing of the notice of appeal in the lower court, acquires it for all purposes, and it is not divested of its jurisdiction, nor is such jurisdiction suspended, either on account of the failure to file a transcript on appeal, or the loss or destruction of it after it is filed. It is true the statute provides for a certification to this court of the record made in the trial court and upon which the appeal to this court is to be heard, but that has nothing to do with conferring jurisdiction upon this court over the appeal. That is acquired as soon as the notice of appeal is filed, and this court may exercise such appellate jurisdiction long before any transcript is filed, and independent of it. It may dismiss the appeal, stay execution in the court below, or stay further proceedings therein, and make all necessary orders in aid of the appeal. The transcript on appeals is but the statutory method of bringing to the attention of the court the particular proceedings and matters which took place in the trial court and which this court is asked to review, and this is the sole purpose and function of the transcript." The language quoted is in line with our theory as expressed in American Sodium Co. v. Shelley, 51 Nev. 26, 267 P. 497, supra.

If we were to accept the views contended for by respondent, it would be a repudiation of rule III of this court, which expressly recognizes that the court has jurisdiction to make orders in cases appealed to the court where no transcript has been filed.

But it is said that petitioner considered this an original proceeding, as is manifested by the fact that her application is entitled just as it was in the trial court. We attach no significance to this fact. Notwithstanding the provision in section 8883 N. C. L., to the effect that the party appealing shall be known as appellant and the adverse party as respondent, at least

95 percent of the cases docketed in this court on appeal ignore the provision alluded to. We do not think a party appealing should be penalized in the manner sought for failure to comply with the statute, particularly in view of the fact that it has been honored more in the breach than in its observance.

4. There is no merit in the contention that this court has no jurisdiction to consider the application and to make an appropriate order.

5. The question remaining to be disposed of is the amount to be allowed appellant as suit money. An affidavit has been filed by her, in which she states that she is "absolutely destitute and without any funds whatsoever" with which to prosecute her appeal, and that she has no means of obtaining funds; that she is ill and unable to work; that she is entirely dependent upon her father for the necessities of life, and that for some time he has been unable to provide for her support without seriously impairing his finances, and is unwilling to continue such support of affiant indefinitely; that he is of limited means and unable to provide any part of the funds necessary to the prosecution of this appeal; that respondent is a man of ability and is capable of earning sufficient money to pay all the costs incident to this appeal; that he has means within his control with which to obtain sufficient money to defray the expenses of this appeal, aside from his earning power, and that he has always had ample credit to obtain funds at will, not only from his mother and father, who are wealthy, but from other sources as well.

An affidavit by the father of appellant states that neither appellant nor affiant is financially able to pay for any services or disbursements incident to said appeal; that appellant has, since August 31, 1933, been absolutely dependent upon affiant for her support, maintenance, clothes, and necessities of life; that she has been unable to seek employment or derive any funds from such source. He further states that, though prior to 1929 he was in comfortable circumstances financially, he has been seriously affected by the depression and is

unable to contribute anything to the cost of this appeal.

An affidavit by Ruth Branch, of Norwich, Conn., has been filed, wherein she states that she is the next door neighbor of appellant, and that they frequently exchange visits; that appellant has been unable to seek employment since the desertion of appellant by respondent in 1933; that from her contact and conversations with appellant and her parents it is her firm belief that such parents are unable to do more for appellant than to furnish her with necessary food for her sustenance and support, and that it is affiant's best belief that appellant has no other relative or close friend from whom she could obtain financial aid.

Respondent has filed a counter affidavit, the substance of which is that he is utterly without funds and has no employment; that he is indebted to his father in the sum of $9,267, which is secured by a mortgage upon his home, which is now occupied by appellant; that his mother is giving him an allowance of a sufficient sum to take care of his actual living expenses; that he has no property or securities which he can hypothecate to borrow money, and that he has no way of raising money at the present time.

It is impossible for us to say that the facts are not substantially correct as stated by the respective parties. However, respondent has been able to provide quite an array of counsel in this matter. The wife has a right to have the proceedings in the lower court reviewed by this court. We held in Wallman v. Wallman, 48 Nev. 239, 229 P. 1, 35 A. L. R. 1096, that, when the husband is the plaintiff in a suit for a divorce, poverty on his part is no ground upon which to resist an application for suit money, since he must either furnish his wife with funds with which to make her defense, or submit to stay of proceedings in the suit. See, also, Whitman v. Moran, 54 Nev. 276, 13 P. (2d) 1107.

In Herrick v. Herrick, 54 Nev. 323, 15 P. (2d) 681, and in Jeffers v. Jeffers, 55 Nev. 69, 25 P. (2d) 556, we held that, where the wife appeals from an adverse

decree in a divorce suit, the husband should provide funds for the prosecution of her appeal.

5. It is our conclusion that the respective amounts sought in behalf of appellant should be paid by respondent, and that all necessary orders should be made in the trial court extending the time for preparing, filing, and serving proposed bill of exceptions, effectuating the spirit of the law, and to that end to render the decree and order appealed from ineffective until the order for allowances for suit money is complied with, and ample time thereafter is allowed in which such appeal may be perfected. This court has no authority to extend the time for preparing, serving, and tendering a proposed bill of exceptions, and sees no occasion for making an order at this time extending the time of filing a transcript of the record in this court, since rule II provides that the transcript may be filed within thirty days after the bill of exceptions is settled.

It is ordered that respondent pay to the clerk of this court, for the use and benefit of appellant in the prosecution of her appeal, the several amounts sought in her application. Appellant will be allowed to apply in the future for any further order which may be necessary to accomplish the ends contemplated by law and in harmony with the views expressed.