# JENNIE AFRIAT, Appellant, *v.* JAMES J. AFRIAT, Respondent.

No. 3346

October 2, 1941. 117 P. (2d) 83.

322

*Bowen & Custer*, of Reno, for Appellant.

*Felice Cohn*, of Reno, for Respondent.

## OPINION

By the Court, ORR, J.:

Appellant asks this Court to make certain allowances to permit her to prosecute an appeal from a judgment rendered in the First Judicial District Court, in and for Ormsby County. Respondent has moved to strike the motion and has also urged certain objections to its consideration.

The practice of moving to strike a motion is not favored. 42 C. J. p. 517, Buehler v. Buehler, 38 Nev. 500, at page 503, 151 P. 44; Orleans Hornsilver Mining Co. v. Le Champ Mining Co., 52 Nev. 85, at page 89, 280 P. 887; Lamb v. Lamb, 55 Nev. 437, 38 P.(2d) 659.

We will therefore proceed to consider the objections urged against the allowance of the motion for alimony during the pendency of the appeal, attorneys' fees and court costs.

The first objection urged is that more than six months have elapsed since the entry of final judgment in the trial court and the denial of the motion for a

new trial. The trial court's decision was rendered November 26, 1940. Formal judgment and decree and order denying the motion for a new trial was made and entered upon the minutes of the court December 17, 1940. Notice of appeal was served June 30, 1941, and filed in the office of the clerk of Ormsby County July 2, 1941. It is admitted that no written notice was given that the order denying the motion for a new trial had been made and entered in the minutes of the trial court. Appellant takes the position that the time to appeal from an order denying a motion for a new trial does not begin to run until after the giving of such a notice. This position of appellant is correct and is sustained by the opinion in the case of Smith v. Southern Pacific Co., 50 Nev. 377, 262 P. 935, 936. It is true that subdivision 2 of section 5329, Nev. Rev. Laws, as amended by Chap. 91, Statutes 1913, in effect at the time of the rendition of the opinion in Smith v. Southern Pacific Co., supra, was repealed in 1937, and in the same year a new section was enacted, sec. 10, subd. 2, of chapter 32, Stats. 1937. But the similarity of the two sections is such as to make the reasoning employed in Smith v. Southern Pacific Co., supra, apply with equal force to the new statute. At the time of the rendition of said opinion the pertinent part of the then existent statute read:

"An appeal may be taken: * * *

"2. From an order granting or refusing a new trial * * * within sixty days after the order is made and entered in the minutes of the court."

Subdivision 2 of section 10 of the New Trials and Appeals Act, as enacted in 1937, reads:

"An appeal may be taken: * * *

"2. From an order granting or refusing a new trial * * * within sixty days after service, by the prevailing party in the action or proceeding upon the unsuccessful party thereto, of a written notice that the order has been made and entered in the minutes of the court."

We may say here, as was said in Smith v. Southern

Pacific Co., supra: "The section in question is so clear to our minds that we find it difficult to elucidate."

■ No notice having been given of the order refusing a new trial, the service and filing of the notice of appeal was timely.

■ The second objection to the granting of the motion is that judgment was entered in favor of appellant and against respondent, therefore appellant was the prevailing party and had no ground for appeal. Section 8883 N. C. L. provides, in part: "Any party aggrieved may appeal in the cases prescribed in this title." In the case of Kondas v. Washoe County Bank, 50 Nev. 181, 254 P. 1080, 1081, this court approved the following definition of an aggrieved person: " 'Every person aggrieved' includes every person whose rights were in any respect concluded by the judgment." In this case appellant, defendant in the action in the lower court, prayed for separate maintenance. The trial court decreed her an absolute divorce. We think such a situation brings appellant within the definition of an aggrieved person.

The third objection is that appellant has taken advantage of a part of the judgment, and is therefor precluded from attacking it or prosecuting an appeal therefrom. During the course of the trial, appellant here and defendant in the lower court made application for additional allowances for attorneys' fees and for funds to sustain herself during the pendency of the action. The court allowed $75 for additional attorneys' fees, and the sum of $50 for support and maintenance of appellant and defendant for a period of ten days. Of this amount respondent paid to the attorneys for the appellant the sum of $32, and it is the payment of this sum upon which respondent relies in urging that the appellant is precluded from attacking the judgment or prosecuting the appeal. In the case of Cunningham v. Cunningham, 60 Nev. 191, at page 197, 102 P. (2d) 94, 105 P. (2d) 398, 400, this court quoted with approval the following test taken from the case of State v. Central Pacific Railroad

Co., 21 Nev. 172, 26 P. 225, 1109, which should be applied in determining whether the acceptance of the benefits of a judgment is a waiver of the right to appeal:

"Where a reversal upon the plaintiff's appeal would require him to refund to the defendant money or property which he has obtained under the judgment, there is reason for holding that the acceptance of the benefits of the judgment is a waiver of the right to appeal. Having elected to receive the fruits of the judgment, he is estopped from attempting to destroy the very foundation of his right to receive them. But where a reversal would not work this result, where his right to what he has received would still remain intact, it is difficult to conceive why he should not be allowed to take what is now, and always will be, his, and still prosecute his claim for more."

■ It seems apparent that a reversal of the judgment in this case would not require the appellant to refund the money received for additional attorneys' fees and for maintenance during the pendency of the action, and hence such acceptance is not a waiver of her right to appeal.

■ The fourth point is that appellant's counsel, in collaboration with respondent's counsel, prepared findings of fact, conclusions of law and a judgment and decree, and orally consented to the filing thereof. Our understanding of respondent's position on this point is that by so collaborating appellant waived the right to notice of the entry of the order denying the motion for new trial. Certainly such action on the part of counsel for appellant does not show an intention to clearly and unequivocally waive such a right, and hence they should not be held to have waived the same. In Kondas v. Washoe County Bank, 50 Nev. 181, at page 188, 254 P. 1080, at page 1082, this court, in speaking of waiver, says:

"It is not pointed out wherein such intention is clearly and unequivocally manifested, and we fail to perceive

any indication of such intention. The procuring of the order in question was in no way incident to the procuring of a new trial, and could in no way affect such a procedure. If the plaintiff had taken steps for the purpose of procuring a new trial, a clear intention to waive the written notice would have been signified."

There is no merit to this contention.

■ In objection five respondent urges that appellant's counsel were present in court when the motion for new trial was denied, and immediately notified counsel for respondent that an appeal would be taken. The affidavits of counsel for appellant deny that either of said counsel were in court at the time the order denying the motion for new trial was made, and there is no contradiction in the record of such affidavits. The affidavits of counsel for appellant deny that any statement was made by them or either of them relative to an intention to appeal. Respondent filed an affidavit stating that such is the fact. However, we deem the matter of no importance. Such a statement, if made, could not be considered as a waiver by appellant of her right to the notice of the entry of the order denying the motion for a new trial.

■■ The sixth and last objection made by respondent to the granting of the motion is that the said appeal, if taken, would be without merit and frivolous, and would unnecessarily take up the time of this court. In answer to said contention we quote with approval the following, taken from the case of Cunningham v. Cunningham, 60 Nev. 191, at page 198, 102 P.(2d) 94, 105 P.(2d) 398 at page 401: "Ordinarily grounds of bad faith, or lack of merit in an appeal urged against allowances, should be considered only when perfectly manifest from the record. The record is not before us and one of the purposes of the motion is to obtain such a record. We are therefore not inclined to pursue in advance a futile investigation of motives or merits. The wife, having perfected her appeal, is entitled to have the proceedings reviewed in this court in the usual way."

 We now proceed to the question of allowances. Appellant's affidavit shows a necessity for allowances, and these should be governed by the ability of the respondent to pay. A copy of the written decision rendered by the trial court is before us, and the court therein stated that he found the financial condition of the parties to be deplorable. After a consideration of the evidence presented, which we must deem to have been full and complete, the trial court found the plaintiff there and respondent here able to pay the sum of $50 per month as alimony, and we conclude from such finding and the affidavits on file herein that such a sum should be continued during the pendency of the appeal.

 Owing to the financial condition of respondent, the sum of $150 will be allowed as and for attorneys' fees. The sums of $25 for filing fee and $10 premium for undertaking on appeal cannot be allowed. It appears from the wording of the notice of motion that these sums have been paid. Cunningham v. Cunningham, 60 Nev. 191, at page 200, 102 P.(2d) 94, 105 P.(2d).398. The sum of $220 is asked, as the cost of the preparation of the transcript of the proceedings in the action tried in the First judicial district court, in and for the county of Ormsby, State of Nevada, and the sum of $26.70 as and for the cost of the preparation of the judgment roll in said action. These amounts are set forth as necessary in appellant's affidavit, and we find no denial in the record as to the correctness of such sums.

It is ordered that respondent pay to the clerk of this court for the use of appellant in prosecuting her appeal the following sums: $150 for attorneys' fees, $220 for the preparation of the transcript, to be used as a bill of exceptions, and $26.70 for the preparation of the judgment roll. It is further ordered that respondent pay to appellant the sum of $50 per month, beginning with the 1st day of September 1941, and to continue during the pendency of this appeal.

## ON MOTION TO DISMISS APPEAL

December 4, 1941. 119 P. (2d) 883.

See, also, 61 Nev. 321, 117 P. (2d) 83.

*Bowen and Custer*, of Reno, for Appellants.

*Felice Cohn*, of Reno, for Respondent.

## OPINION

By the Court, ORR, J.:

Respondent has presented a motion to dismiss the appeal.

The motion states that "respondent will, through his undersigned counsel, move the court to dismiss the appeal taken in the above-entitled action."

In this case an appeal has been taken from the order denying the motion for new trial, as well as from the judgment and the whole thereof. It cannot be ascertained from the motion to dismiss the appeal herein whether the motion goes to the appeal from the judgment or the appeal from the order denying the motion for new trial, or both. It is, therefore, too general, and is denied. Peri v. Jeffers, 53 Nev. 49, 292 P. 1, 293 P. 25, 298 P. 658; Coykendall et al. v. Gray et al. 53 Nev. 113, 293 P. 436.