DORA LEVINE LUX, APPELLANT, *v.* ABRAHAM
LUX, RESPONDENT.

No. 3589

September 29, 1949.                    210 P.2d 212.

*Douglas A. Busey,* of Reno, and *Clark J. Guild, Jr.,* of Carson City, for Appellant.

*Cantwell, Loomis & Anglim,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

■■ This is a motion for allowances by the appellant wife in order to enable her to prosecute her appeal from a judgment of the lower court entered June 20, 1949, decreeing a divorce to respondent, and from an order entered on the same date denying appellant's motion for a new trial. Appellant filed her notice of appeal in the district court on July 12, 1949, but has filed no undertaking on appeal. In this state an appeal is perfected by giving a notice of appeal and filing undertaking on appeal within five days thereafter. N.C.L., secs. 9385.61 and 9385.66. Lamb v. Lamb, 55 Nev. 437, P.2d 659. Hence no appeal has been perfected in this case. Gerbig v. Gerbig, 60 Nev. 292, 108 P.2d 317. This court is without jurisdiction to order allowances until an appeal has been perfected and the motion must accordingly be denied. Cunningham v. Cunningham (on first motion for allowances), 60 Nev. 191, 102 P.2d 94, 105 P.2d 398.

■ Several other matters were discussed by counsel in the oral presentation. In view of the foregoing it is unnecessary to pass on any of them. We may say, however, that the argument was a classic example of the confusion that results from the "bad practice" of attempt to interpose a motion to strike a motion. Appellant was ready to present her motion for allowances. Respondent desired first to present his motion to strike appellant's motion. Appellant then insisted on her right to proceed with a showing that such practice had been condemned by this court and should not be countenanced. Hence, three matters were before the court and it was virtually impossible to tell at any given moment to which of the three counsel were addressing their argument. This court said in Lamb v. Lamb, supra: "We have repeatedly held that it is bad practice to file a motion to strike a motion, or what amounts to a motion (Orleans

Hornsilver Min. Co. v. Le Champ D'Or French Gold Min. Co., 52 Nev. 85, 280 P. 887), hence the motion to strike will be stricken, and we will dispose of the application on the objection made thereto, namely, as to the jurisdiction of the court to hear the appplication and the matter of allowances."

Under the situation above described we find in the record a group of papers without support, basis or foundation. They are all hereby stricken from the record and the motion for allowances is denied.

HORSEY, C. J., and WINES, District Judge, concur.

EATHER, J., being absent, the Governor designated Honorable TAYLOR H. WINES, Judge of the Fourth Judicial District Court, to sit in his place.